ASHLAND COUNTY, Appellant, vs. KNIGHT and others, Executors, etc., Respondents.

*May 9—June 21, 1906.*

*Taxation: Re-assessment where prior assessment set aside: Assessment to agent not in possession.*

1. Sec. 1059, Stats. 1898, as amended by ch. 50, Laws of 1899, does not authorize re-assessment, in a subsequent year, of property which was assessed and entered upon the tax roll for the year in which it should have been taxed, and where such prior assessment has been set aside or determined to be illegal and void.
2. Personal property cannot lawfully be re-assessed to an agent to whom it never belonged and who is not in possession of it at the time of the attempted re-assessment.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to recover $874.50 appearing on the tax roll of the city of Ashland for the year 1903, under the following cir-

cumstances: Upon the assessment roll in the spring of 1903
the following entry appears:

"Assessment roll. Personal Property. For the year 1903.
Value of Logs, Lumber, Ties, Poles and Posts, not manu-
facturers' stock. Knight, Jno. H., Agt. 31,800. Value of
the same as Equalized by the Board of Review, 31,800.
Total value of all Personal Property 31,800. Remarks. Re-
assessed in accordance with opinion of Supreme Court in
case of *State ex rel. Vilas v. Wharton, City Clerk.*"

As a result, the common council having levied a tax of
two and three-fourths per cent. upon all property in said
city, the amount of $874.50 was carried out against John H.
Knight, agent, on the tax roll for that year. Knight died
August 22, 1903, a resident of the city of Ashland. The
property upon which this assessment and levy were attempted
to be based was a part of the same property included in the
tax roll for the year 1901, under the name of Vilas &
Knight, the assessment of which was held invalid upon *cer-
tiorari. State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94
N. W. 359. All such property had been sold on or about
May 1, 1901, and had been removed from Ashland that year
and had not been in the possession of Knight as agent or
otherwise since that time. Prior to May 1, 1901, it had
been the property of William F. Vilas, not a resident of Ash-
land, but resident at Madison, in this state, and at no time
after April, 1903, had Knight been in any respect agent for
or representative of William F. Vilas, in connection with
lumbering business or lumber in Ashland; nor had he in his
possession or under his control, as agent of Vilas, any per-
sonal property whatever upon the 1st day of May, 1903; nor
on the same date did William F. Vilas own or have any per-
sonal property within Ashland. The court found that the as-
sessment above quoted was an attempt to re-assess against
John H. Knight, as agent, 2,650,000 feet of lumber constitut-
ing a portion of the 9,350,000 feet which had been assessed

against Knight & Vilas in 1901, and was passed upon by the decision of this court above mentioned.

A claim having been presented against the estate of Knight in the county court and disallowed, and appeal taken to the circuit court, findings were then made substantially to the foregoing effect, whereupon the court held the assessment not to be a legal assessment or re-assessment, and to have been without authority and void, and accordingly entered judgment dismissing the claim, from which the plaintiff appeals.

For the appellant there was a brief by *M. E. Dillon*, attorney, and *Dillon & Colignon*, of counsel, and oral argument by *F. J. Colignon*.

*Joseph E. Davies*, for the respondents.

DODGE, J.   The judgment dismissing the complaint in this action is correct for two reasons: First. Sec. 1059, Stats. 1898, upon which plaintiff relies, confers no authority to re-assess, in a subsequent year, property which was assessed and entered upon the tax roll for the year in which it should have been taxed, and where the said prior assessment or tax has been set aside or determined to be illegal or void.   The authority to re-assess real or personal property is given by sec. 1059 only when such property is "omitted from assessment . . . by mistake or inadvertence."   That the legislators did not mean by this expression to include a situation such as above described and as presented in this case is rendered certain by the accompanying sec. 1087, Stats. 1898, which provides expressly for such a situation.   The latter section has not been extended to personal property of this character, though in effect made applicable to some other kinds by ch. 351, Laws of 1899, enacting sec. 1087a.

A second reason why the present tax cannot be collected from the estate of John H. Knight, deceased, is that the property is not shown to have belonged to him either in the year

1901, when the tax upon it was held void, or at any other time, and it is made to appear affirmatively that such property was not in his possession in 1903, when it was attempted to be reassessed. We search in vain for any suggestion in the statutes that a tax can be levied against any person other than the owner, except when he is in possession of the property either as agent or trustee. Neither of the two sections (secs. 1040, 1044, Stats. 1898) which recognize possession of property by an agent in this state as a ground for assessment in his name, and levy of a tax against him, suggests that such assessment or levy is authorized in the absence of possession at the time of such acts. The contrary, in an analogous situation, is clearly intimated in *Fond du Lac v. Estate of Otto,* 113 Wis. 39, 88 N. W. 917, and would seem to be a necessary view, when we consider that the collection of a tax from one not the owner of the property would be a pretty clear taking of property without due process of law, unless, by reason of his possession thereof or some other equally effective circumstance, he were able to reimburse himself out of the property. None of the reasons can be invoked which justified the construction placed upon sec. 1059, as amended by ch. 50, Laws of 1899, in *State ex rel. Davis & S. L. Co. v. Pors,* 107 Wis. 420, 83 N. W. 706, where a re-assessment was sustained against the owner, although he had parted with the property before re-assessment, on the ground that his ownership the preceding year placed upon him such an obligation to pay a proportionate share of the taxes of the town as to warrant the legislature in directing re-assessment, levy, and collection of such taxes in a subsequent year merely in enforcement of that obligation.

*By the Court.*—Judgment affirmed.