CASE 25.—SUIT BY THE AMERICAN SURETY COMPANY OF
    NEW YORK AGAINST F. P. JAMES, AUDITOR, TO
    RESTRAIN THE COLLECTION OF A FRANCHISE
    TAX.—March 24, 1909.

## James, Auditor v. American Surety Co. of N. Y.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Taxation — Assessment — Corporate Property— Foreign Corporation.—In fixing the valuation of the franchise of a foreign corporation under Ky. St. 1909, Sec. 4080 (Russell's St. Sec. 6053), the assessing board should consider the two items of gross earnings and net income of the corporation in the State, as required by the statute.

2.  Taxation—Assessment—Corporate Property — Statutory Provisions.—The act of March 15, 1906 (Laws 1906, p. 88, c. 22), which amends Ky. St. 1909, Sec. 4080 (Russell's St. Sec. 6053), so as to authorize the assessing board to consider the two items of gross earnings and net income of a foreign corporation in the State in fixing the valuation of its franchise, is intended to be prospective in its operations, and not retrospective.

3.  Taxation — Uniformity—Assessment — Corporate Property— Valuation of Franchises.—Where a foreign corporation made the statement required by St. 1909, Sec. 4078 (Russell's St. Sec. 6051), as a basis for the valuation of its franchise for the year 1905, and the board failed to assess the corporation until 1907, an assessment made under Sec. 4080, Ky. St. 1909 (Russell's St. Sec. 6053), as amended by act of March 15, 1906, (Laws 1906, p. 88, c. 22), instead of under the law as it stood before the amendment thereby materially increasing the tax, was illegal, as being in violation of the rule requiring uniformity in the levy of taxes.

4.  Taxation—Omitted Property—Assessment — Corporate Property.—Under the provisions in the revenue law (Laws 1906, p. 88, c. 22) for the assessment of omitted property, the assessing board has power to assess the franchise of a foreign corporation according to the law in force when the assessment should have been made.

JAMES BREATHITT, Attorney General, and JOHN F. LOCK-
ETT, Assistant Attorney General, for appellants.

LINDSEY & EDELEN and BODLEY & BASKIN for appellees.
(See Case 24.)

OPINION OF THE COURT BY JUDGE LASSING—Affirm-
ing.

This suit involves the right of the board of valua-
tion and assessment to assess appellee's franchise for
taxation for 1905, under the provisions of the revenue
law of 1906, approved March 15, 1906 (Laws 1906, p.
88, c. 22). Prior to September, 1905, the appellee de-
livered to the Auditor of Public Accounts its verified
statement, as required by Section 4078 of the Ken-
tucky Statutes of 1909 (Russell's St. Sec. 6051), in
which it set out in detail the facts required to be set
out therein. No action was taken upon this statement
by the board of valuation and assessment until in
June, 1907, when the board fixed the tentative value
of the franchise as of September 1, 1905, at $122,084,
the taxes on which sum would amount to $610.42. Of
this action the board notified appellee, and stated that
under the law it had thirty days from the receipt of
notice to appear and show cause why the valuation
should not become final. On July 8th following, and
within thirty days, appellee appeared, and requested
that the valuation, as fixed by the board, be changed.
This request was refused, and on the same day the
board entered an order making said assessment final,
and served notice upon appellee company that it
would require appellee to pay the taxes, as fixed in
said assessment, within thirty days, or else the pen-
alty fixed by law would be enforced. The valuation,
as fixed by the board, was made from the statement
alone. No proof was taken, and no other information

received by the board upon which to base its assessment. This assessment was based, not upon the law in force in September, 1905, but upon Sec. 4, Art. 4, Ch. 22, p. 129, Acts 1906, which is in the same words identically as Sec. 4080 (6053), the law that was in force in 1905, except that in the act of 1906 the board is authorized to consider the net earnings of appellee in this State, and arrive at the valuation of its franchise by capitalizing same. Upon receiving notice that the tentative assessment had been made final, appellee instituted a suit in the Franklin Circuit Court attacking the validity of the act of 1906, and sought to have the board of valuation and assessment enjoined and restrained from attempting to penalize appellee for failing to pay the taxes under said assessment, which it alleged was unconstitutional, illegal and void. At the time of the institution of this suit the judge of the Franklin Circuit Court was absent from his judicial district, and upon notice, accepted by the Auditor and Treasurer, members of the board of valuation and assessment, the application for a restraining order was heard by the Honorable Emmett Field, judge of the Jefferson Circuit Court, who granted a temporary restraining order to become effective upon the execution by the appellee of an injunction bond in the sum of $500, conditioned according to law, and to remain in force until final decree, unless sooner dissolved according to motion made as provided by law. To the petition the defendant the board of valuation and assessment in time filed a general demurrer, and also an answer. In said answer they traversed each of the material allegations of the petition, and pleaded affirmatively in the second paragraph that they were required from

the best data and evidence at their command to as-
sess the intangible property of appellee at its fair
cash value, estimated at the price it would bring at
a voluntary sale; that the fair cash value of the in-
tangible property, based upon the net earnings of ap-
pellee's business done in this State for the fiscal
year ending June 30, 1906, was $122,084; and that
on this valuation the taxes levied against plaintiff
for this year should be estimated. The plaintiff filed
a demurrer to this answer. The case was submitted
for judgment on the pleadings, and the court there-
upon entered the following judgment: "The court
being sufficiently advised is of the opinion that Sec.
4, Subdiv. 1, of Art. 4 of the act relating to revenue
and taxation, approved March 15, 1906, is in conflict
with and in violation of the Constitution of the State
of Kentucky, and is void." He thereupon entered a
judgment overruling the demurrer to the petition as
amended, and sustained the demurrer of the plaintiff
to the answer, and, defendant declining to plead fur-
ther, the prayer of the petition was granted, and the
injunction made perpetual, in accordance with the
prayer of the petition. From that judgment the board
of valuation and assessment prosecutes this appeal.

For appellee it is contended: That its assessment
for the year in question should have been based upon
Sec. 4080 of the Kentucky Statutes prior to its amend-
ment by the Legislature in 1906. That, under the law
as it then stood, it was clearly entitled to have the
valuation of its franchise determined by ascertaining
what per cent. its gross earnings in Kentucky for the
fiscal year ending June 30, 1906, was of its entire
gross earnings during that period, and then this per
cent. of its capital stock, surplus, and undivided

profits, less any tangible property located in Kentucky, should be the taxable value of its franchise. Its report shows that its entire gross earnings in Kentucky amount to $12,617. That its gross earnings everywhere amounted to $2,505,752. In round numbers, therefore, its gross earnings in Kentucky equaled one-half of 1 per cent. of its entire gross earnings. That its capital stock was $2,000,000, and its surplus and undivided profits $2,873,589, making a total of $4,873,589. One-half of 1 per cent. of this sum equals $24,367.94, which is, under Sec. 4080, the entire sum that would have been charged to appellee as the value of its franchise in Kentucky, subject to taxation, and not $122,084, as fixed by the board of valuation and assessment, and that the taxes which it should be required to pay the Commonwealth should be $121.85, instead of $610.42, as determined by the board. That the taxes which the board sought to require it to pay is five times as great a sum as it should have been required to pay under the then existing law. Clearly the assessment was made under the act of 1906, and this assessment the board of valuation and assessment claims is a fair and reasonable assessment of the value of appellee's franchise in Kentucky. For appellant, it is urged that the case of Hager, Auditor v. Citizens' National Bank, 32 Ky. Law Rep. 95, 105 S. W. 403, 914, is determinative of this question, while appellee says that opinion is not applicable because in that case this court said: "It would scarcely be contended that the failure of an assessing officer to make an assessment within the time allowed by law would prevent him from making it within a reasonable time thereafter, or render invalid the assessment so made, unless it

could be shown that the meritorious rights of the property owner were prejudiced by the delay." It is insisted that the assessment of this tax under the act of 1906, which increased appellee's assessment five times over what it should have been under the law in force in 1905, takes it without the reasoning of the rule announced in the case of Hager, Auditor v. Citizens National Bank, supra. From the conclusion which we have reached it becomes unnecessary to enter upon a consideration of this question.

In the cases of James, Auditor v. United States Fidelity & Guaranty Company, and James, Auditor v. American Surety Company of New York (this day decided) 117 S. W. 406, it is held that, in fixing the valuation of the franchises of appellee and kindred corporations, it is the duty of the assessing board to take into consideration both the gross earnings of said corporations in this State and the net income in this State, and from a consideration of both of these items fix a fair and reasonable valuation upon the franchise. The board in the instant case having taken into consideration only the net income in fixing this valuation, as is evident from an inspection of the record, the chancellor did not err in enjoining and restraining the collection of the tax upon their franchise, the valuation of which was not fixed in accordance with the provisions of the statute. Conceding that it might be assessed under the act of 1906, the case under consideration is very unlike that of Hager, Auditor v. Citizens' National Bank, and is not controlled by that case, for the reason that the Legislature clearly intended that the bank should be assessed under the act of 1906 for the fiscal year be-

ginning June 30, 1905, and ending June 30, 1906; but in the act under consideration there is nothing which is indicative of an intention on the part of the Legislature to assess corporations like appellee for the taxes of 1905 under the act of 1906. All of the provisions of this act show conclusively that it was intended to be prospective in its operation, and not retrospective. Appellee in filing its statement prior to September, 1905, fully complied with the requirements of the law then in force, and it was the duty of the board to fix the valuation upon that statement. There is nothing in the record before us indicating or showing why it failed to do so, nor is there any indication that it had not assessed all kindred corporations under the law in force in 1905, and in the absence of a showing to the contrary, it must be presumed that the board did its duty, and did assess all kindred corporations under that law. If this be true, then to assess appellee under a different law, which would materially increase its taxes, would be an unwarranted discrimination against appellee, and a violation of that provision of law which requires uniformity in the levy of taxes. We are of opinion that this assessment should have been made under the old law, and not under the provisions of the new, as it was attempted to be. The levy not having been made until after the old law had been repealed, may it now be assessed under the provisions of the old law, or altogether? In the revenue law ample provision is made for the assessment and taxation of omitted property, whether the failure to assess has been due to dereliction on the part of the assessing board, or to the failure of the property owner, is entirely immaterial. The statute is broad enough to

search out and subject to taxation all property that may have been omitted without regard to a consideration as to how it came to be omitted. Under this statute, even though appellee had filèd no statement at all or made no effort to comply with the law, the State would still have ample power to reach and assess its property at its fair taxable value, and that, according to the law that was in force at the time, the property should have been assessed for taxation. No case just like the present one has heretofore been before us, but cases similar to it have frequently been passed upon in the application of the local tax laws in the collection of taxes on omitted property. For instance the tax rate in local taxing districts varies from year to year, and where property has escaped assessment for taxation for a number of years, when it is finally assessed, it is subjected to the tax rate for the several years during which it has escaped taxation, and this rate not infrequently varies, some years being higher and others lower, and, perhaps, none of them being the same as that for the year in which the property is actually listed as omitted property. In such cases the property is listed and taxed for each year as though it had been listed and taxed when it should have been.

Applying this rule to the case at bar, we have no difficulty in the solution of the question. The property is subject to taxation under the law in force at the time when it should have been assessed and taxed. Upon a return of the case, it is the duty of the assessing board to assess the franchise of this appellee for the year in question under the law then in force, to wit, the law prior to its amendment in 1906.

Judgment affirmed.