.L. E. WADE, *Appellant,* v. A. J. MURRHEE, AS TAX COL-
LECTOR OF CLAY COUNTY, *Appellee.*

## Opinion filed April 5, 1918.

1. The Tax Assessor of a county may exercise a wide discretion
in the valuation of property for the purpose of taxation, and
the courts will not, as a general rule, in the absence of a
clear and positive showing of fraud or illegality, or the abuse
of discretion rendering an assessment authorized by law so
arbitrary and discriminatory as to amount to a fraud upon
the taxpayer or to a denial of the equal protection of the law,
undertakes to control such officer in the exercise of such dis-
cretion.

2. In assessing property under the provisions of Section 22 of
Chapter 5596, Acts of 1907, Laws of Florida, a Tax Assessor
is not bound by a valuation previously placed upon the prop-
erty assessed for a year in which it escaped taxation because
of some irregularity in the assessment, but may assess such
property just as if it had not previously been assessed for
such year.

3. Section 22 of Chapter 5596, Acts of 1907, Laws of Florida,
contemplates that the property assessed under it shall be
taxed for the year or years in which it escaped taxation just
as other property of like character similarly situated was
taxed for such year or years and the millage or rate for the
year *for* which the assessment was made and not for the year
*in* which it was made should be used in ascertaining the
amount of the tax.

4. A part of a tax, not so blended as to be inseparably connected
with the remainder, may be unlawful while the remainder is
held to be lawful.

5. A State may by appropriate legislation and action thereunder
reach backward and collect taxes upon taxable property
which has escaped taxation for a given year or years through

mistake or error of the Assessor or the failure or neglect of the owner to return it for taxation.

6. Delinquent taxes do not bear interest unless it is expressly so provided by statute.

Appeal from Circuit Court for Clay County, George Couper Gibbs, Judge.

Decree reversed.

*L. E. Wade,* for Appellant;

*G. W. Geiger,* for Appellee.

WEST, J.—By this suit the appellant, who will hereafter for convenience be referred to herein as the complainant, seeks to enjoin the defendant, who is the Tax Collector of Clay County, Florida, from selling certain lands in said county belonging to the complainant which were advertised for sale because of the failure of the complainant to pay the taxes levied and assessed for the year 1911 upon said property.

It appears that the assessment was made in the year 1913 under the authority of section 22 of Chapter 5596. Acts of 1907, the property advertised having escaped taxation for the year 1911 as a result of a suit brought by the complainant against the then Tax Collector of said County, in which the assessment made against said property was attacked upon various grounds not necessary to be mentioned here.

It is alleged by complainant that the assessment challenged in this suit is invalid and that the sale of the property should therefore be enjoined: (1) because of inaccuracy in the description of the property; (2)

because the value of the property was fixed at $1500.00 whereas when the assessment was originally made for the year of 1911, the property was valued at $1000.00; (3) because said tax includes millage for a Special Road and Bridge District which was not in existence until the month of December, 1911; (4) because the millage for 1913, which was greater than the millage for 1911, was used in making the calculation necessary to ascertain the amount of the tax, and (5) because the property is traversed by a track of a railroad company and the area occupied by the right-of-way of the railroad company's track is included in the assessment.

The bill was not demurred to, but answer was filed by the defendant in which he avers in reference to the description complained of "that the Complainant ought not to complain about the description of his said property as assessed on the tax roll of 1913, for that, this Defendant is informed and verily believes and so alleges that the Complainant has never made a valid return of his property to the assessor of taxes as required by law; that the property of the Complainant being described by a private survey, it was very difficult for the assessor to obtain a proper description of said property. That the Complainant filed a Bill in Equity in the year 1912, to enjoin the sale of his said property for taxes for the year 1911, and that in said Bill of Complaint set up what he termed a correct description of his said property; that this defendant is informed and verily believes and alleges that the assessor of taxes of said County for the year 1912, assessed the Complainant's property as complained of, from the description of the Complainant's property as shown by his sworn bill of complaint filed in this Court, and that the assessor of taxes for the year 1913, called on the Complainant for a return

of his property for the purpose of taxation, and that the complainant told the assessor to assess his property for 1913 from the description as used on the Tax roll of 1912. That said verbal return is the only return made by the Complainant of his said property for the year 1913. That the Complainant in his said bill of complaint wherein he set up a description of his said property did not except from said description the five and a fraction acres included in the Right of Way of the Atlantic Coast Line Railroad but described said property by metes and bounds without any exceptions whatever.

"That the description of Complainant's property in his said bill complained of, is substantially the same desription used by the complainant in describing his said property in the former Bill of Complaint, with the exception of the erroneous leaving off of the figures Section 7, 8 & 17, which said omission does not affect the metes and bounds description of complainant's property."

The defendant admitted that the property was originally assessed for the year 1911 at $1000.00, but he says that he is not bound by such valuation and that it is his duty to assess such property at its true cash value in the year in which it escaped taxation. He also admitted that the Special Road and Bridge District referred to in the bill was not in existence on the 1st day of January, 1911, and that in making his calculation for the purpose of ascertaining the amount of the tax due on the property the millage for the year 1913, the year in which the assessment was made, was used.

The defendant avers that the complainant made no return of his property to the Tax Assessor of the county for taxation, and that he failed to appear at the meetings of the Board of County Commisisoners of the county at

meetings held by them in July and August for the purposes of hearing complaints of property owners and reviewing and equalizing the assessment of taxable property of the county.

Testimony was taken and upon final hearing a decree was rendered by the Circuit Judge holding that the complainant should forthwith pay to the defendant the amount of $39.00 with interest at the legal rate from the 28th day of July 1914, to the date of the decree, which the court found to be the taxes due upon the lands of the complainant so assessed for the year 1911.

The court decreed further that such tax should be a lien in favor of the State upon the land of complainant, described as follows: "Commencing on the shore of Doctor's Lake at a post 421 feet northeasterly from corner or intersection of Sections 41 & 42 of shore of Doctor's Lake, thence North 42 degrees W. 1900 feet to Right of way of A. C. L. R. R., thence across said Right of Way 100 feet, thence S. Wly., along said R. R., and around curve to where said R. R. intersects N. line of Sec. 42 thence N. Corner Sec. 42 along said line S. 73 degrees W. 1103 ft. to corner, thence N. 9 degrees 30 minutes W. 2567 ft. and four inches to corner, thence N. 51 degrees E. 1112 ft. to corner, thence S. 58 degrees E. 3696 ft. to corner, thence S. 29 degrees E. 726 ft. to shore of Doctor's Lake, thence along said shore to place of beginning, less one acre in Sections 18 and 41, Tp. 4, South of Range 26 East, containing 175 acres. Clay County, Florida, for the amount of, unpaid taxes and interest as noted in Paragraph First just preceding."

The temporary injunctional order previously granted was modified and the injunction was made perpetual as to the amount of the tax claimed in excess of $39.00

with interest, and it was ordered that the costs in said cause be paid, one half by the complainant and one-half by the defendant.

The averments of the answer to the effect that the complainant has not made a valid return of his property and that the description of the property as it appeared upon the assessment roll and in the notice of sale was substantially the same as the description of the property in the assessment for the year 1912 and that such description was taken from a bill of complaint filed by the complainant for the purpose of enjoining the sale of the property for the tax due for the year 1911 was amply proven; and it was likewise proven that the complainant did not appear at the meetings of the Board of County Commissioners of the county at the meetings held by them in July and August for the purpose of hearing complaints of property owners and reviewing and equalizing the assessment made by the Tax Assessor of the taxable property in the county.

By Section 16 of Chapter 5596 Laws of Florida, 1907, it is made "the duty of every person owning or having the control, management, custody, direction, supervision or agency of property of whatsoever character that is subject to taxation under the laws of this State, to return the same for taxation to the County Assessor in the proper county, or to other proper officer, on or before the first day of April of each and every year, giving the character and the true cash value of the same, as required by law, and upon failure to do so the assessment and valuation made by the assessing officer or officers shall be deemed and held to be binding upon such owner or other person or corporation interested in such property, unless complaint is made of such assessment and valuation on the day set for hearing

complaints and receiving testimony as to the value of any property, real or personal, as fixed by the County Assessor of Taxes."

In view of the foregoing established facts it being conceded that the property is taxable, and the complainant having failed in his duty to return his property for taxation as the law directs and requires, he is hardly in position to complain about the valuation or the description of the property as entered upon the assessment rolls, and it does not appear from the record that the Assessor considered the five and one-half (5 1-2) acres of said tract of land alleged to be owned and occupied by the railroad company in determining and fixing the value of said property in said assessment.

It is well settled in this State that the Tax Assessor of a county may exercise a wide discretion in the valuation of property for the purpose of taxation, and the courts will not, as a general rule, in the absence of a clear and positive showing of fraud or illegality, or the abuse of discretion rendering an assessment authorized by law so arbitrarily and discriminatory as to amount to a fraud upon the taxpayer or to a denial of the equal protection of the law, undertake to control such officer in the exercise of such discretion. German-American Lumber Co. v. Barbee, 59 Fla. 493, 52 South. Rep. 292; King v. Gwynn, 14 Fla. 32.

On this subject the Supreme Court of the United States in the State Railroad Tax Cases, 92 U. S. 575, text 614, said: "One of the reasons why a court should not thus interfere, as it would in any transaction between individuals, is, that it has no power to apportion the tax or to make a new assessment or to direct another to be made by the proper officers of the State. These officers, and the manner in which they shall exercise their func-

tions, are wholly beyond the power of the court when so acting. The levy of taxes is not a judicial function. Its exercise, by the constitution of all the States, and by the theory of our English origin, is exclusively legislative.

"A court of equity is, therefore, hampered in the exercise of its jurisdiction by the necessity of enjoining the tax complained of, in whole or in part, without any power of doing complete justice by making, or causing to be made, a new assessment on any principle it may decide to be the right one. In this manner it may, by enjoining the levy, enable the complainant to escape wholly the tax for the period of time complained of, though it be obvious that he ought to pay a tax if imposed in the proper manner."

This language is peculiarly applicable in this case because, if the contention of complainant is to be upheld, the property involved which is admittedly taxable and which ought to bear its just proportion of the burdens of taxation necessary for the support and maintenance of the State and County Governments, will escape taxation altogether for the year for which the tax was assessed.

There is no allegation or proof of fraud or illegality in the action of the county officers in dealing with this matter and the Tax Assessor testified in the case that in assessing the property he placed upon it a valuation of what he regarded as the cash value of the property for the year for which the assessment was made.

The contention of the complainant on this branch of the case is untenable.

It is also urged by complainant that the Circuit Judge erred in using the 1913 millage in his calculation for the purpose of ascertaining the amount of the tax prop-

erly chargeable against this property for the year 1911.

The Circuit Judge eliminated from the consideration of the case the millage for Special Road and Bridge District complained of for the reason, we assume, that this special taxing district was not in existence until the latter part of the year 1911. Under previous rulings of this court he was warranted in declaring unlawful a part of the tax not so blended as to be inseparably connected with the remainder which was held to be lawful. City of Pensacola v. Louisville & N. R. Co., 21 Fla. 492.

The statute authorizing the assessment of property which has escaped taxation for any one or all of the three previous year is Section 22 of Chapter 5596, Acts of 1907. The pertinent portion of this statute is as follows:

"If any County Assessor of Taxes when making his assessment shall discover that any land in his county has for any reason escaped taxation for any or all of the three previous years or that any land was illegally sold for taxes and was then liable for taxation, he shall, in addition to the assessment of such lands for that year, assess the same separately for such year or years that they may have escaped taxation, or was so illegally sold, at the cash value thereof in such year, noting distinctly the year when such land escaped taxation, and such assessment shall have the same force and effect as it would have had if made in the year that the same escaped taxation, and taxes shall be levied and collected thereon in the manner and together with the taxes of the year in which the assessment is made, but no lands shall be assessed for more than three years' arrears of taxation and all lands shall be subject to such taxation so escaping taxation to be assessed into whosoever's hands they may come."

This statute contemplates that the property should be taxed for the year or years in which it escaped taxation just as other property of like character similarly situated was taxed for such a year or years and that the millage or rate *for* the year for which the assessment was made, and not for the year *in* which it was made should be used in ascertaining the amount of the tax. The Legislature is presumed to have intended the enactment of a valid statute, and being thus construed no question of a contravention of organic law by the statute arises.

The Supreme Court of Kentucky, in the case of James v. American Surety Co. of New York, 133 Ky. 313, 117 S. W. Rep. 411, in considering a similar question said: "For instance the tax rate in local taxing districts varies from year to year, and where property has escaped assessment for taxation for a number of years, when it is finally assessed, it is subjected to the tax rate for the several years during which it has escaped taxation, and this rate not infrequently varies, some years being higher and others lower, and, perhaps, none of them being the same as that for the year in which the property is actually listed as omitted property. In such cases the property is listed and taxed for each year as though it had been listed and taxed when it should have been."

That a State may by appropriate legislation and action thereunder reach backward and collect taxes upon taxable property which has escaped taxation for a given year or years through the mistake or error of the Assessor or the failure or neglect of the owner to return it is well settled here and elsewhere. 37 Cyc. 771; Bloxham v. Florida Cent. & P. R. Co., 35 Fla. 625, 17 South. Rep. 902; Florida Cent. & P. R. Co. v. Reynolds, 183 U.

S. 471, 22 Sup. Ct. Rep. 176; Jackson Lumber Co. v. McCrimmon, 164 Fed. Rep. 759.

The millage or rate for 1911 was less than the millage or rate for 1913. For 1911 it was 24 mills and for 1913 it was 26 mills. On the basis of a valuation at $1500.00 the amount of the tax at the 1911 millage was $36.00 and not $39.00 as found in the decree. In using the 1913 millage we think the Circuit Judge erred. The decree should have been for $36.00.

It is also urged by the complainant that the Circuit Judge erred in allowing interest on the tax found to be due at the legal rate from the 28th day of July, A. D. 1914, the day upon which the temporary restraining order was granted.

It is well settled that delinquent taxes do not bear interest unless it is expressly so provided by statute. 1 Cooley on Taxation (3rd ed.) p. 19; Perry County v. Selma, M. & M. R. Co. 65 Ala. 391; Illinois Cent. R. Co. v .Adams, 78 Miss. 895, 29 South. Rep. 996; Greer v. Richards, 3 Ariz. 227, 32 Pac. Rep. 266; Sargent v. Tuttle, 67 Conn. 162, 34 Atl. Rep. 1028; Georgia R. & Banking Co. v. Wright, 124 Ga. 596, 53 S. E. Rep. 251; Louisville & N. R. Co. v. Commonwealth, 89 Ky. 531, 12 S. W. Rep. 1064; State v. Baldwin, 62 Minn. 518, 65 N. W. Rep. 80; City of Rochester v. Bloss, 185 N. Y. 42, 77 N. E. Rep. 794.

It is perfectly competent for the Legislature to provide that delinquent taxes shall bear interest and there is no sound reason why such taxes should not bear interest, but at common law interest was not allowable and it can therefore be collected only by authority of and pursuant to express Legislative action. This being true it necessarily follows that the Circuit Judge erred in decreeing that the amount of the tax found to be due

and properly chargeable against the property of complainant should bear interest from the date of the temporary restraining order.

In equity causes costs are awarded in the sound discretion of the court as justice may require in the particular case, and the appellate court will not interfere unless abuse of discretion is made to appear.  There was no error in decreeing in this case that each of the parties should pay one-half the costs.

For the errors pointed out the decree appealed from is reversed with directions to enter a decree in favor of the defendant not inconsistent with the views herein expressed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.