CHAS. M. WILHELM, *Appellant*, vs. JOHN ADAMS, doing business as World Electric, and HENRY R. CHASE, and GEORGE H. WHITE, *Appellees*.

136 So. 397.

Division A.

Opinion filed July 30, 1931.

Petition for rehearing denied September 15, 1931.

*Van C. Swearingen,* for Appellant;

No appearance for Appellees.

BUFORD, C.J.—The appeal here is from an order taxing the costs one-half against the complainant in the court below and the other half against the defendant in the court below. Appellant here was complainant in the court below. The transcript of record recites the filing of various instruments from the filing of bill of; complaint to and including the recital that general master filed his report of testimony together with exhibits. Then follows copies of certain findings of the Master and order of Court and final decree. The last decree is an order amending the final decree, by adding the words

"That the costs of said suit shall be borne and taxed,

one-half by the complainant, Chas. M. Wilhelm, and one-half by the defendant John Adams.''

It is impossible for the Court to determine from the record here what facts actuated the chancellor in entering a decree taxing one-half the costs against the complainant and the other half against the defendant.

In Moyers v. Coiner, 22 Fla. 422, this Court approving what was said in Lewis vs. Gray, 14 Fla. 441, said:

"The general rule in regard to costs is, that they follow the result of a suit. In a court of equity this rule is departed from, when the failing party can show to the court any circumstances which would render it unjust that he should pay the costs of the proceedings."

Again, in Wade vs. Murrhee, 75 Fla. 494, 78 Sou. 536, Mr. Justice West, speaking for the Court said:

"In equity causes costs are awarded in the sound discretion of the court as justice may require in the particular case, and the appellate court will not interfere unless abuse of discretion is made to appear."

So it appears that the rule is well settled that in equity causes it is within the province of the chancellor to make an order pro-rating the costs, if there appear facts or circumstances which would render it inequitable and unjust to require the losing party to pay the entire cost. This is a matter which is within the sound judicial discretion of the chancellor and, without having before us a transcript of the record upon which he based his conclusions in this regard, we certainly cannot assume to say that he abused that discretion.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.