154 So.2d 200 (1963)
J.A. JORDAN, d/b/a Jordan Interior Decorators, Appellant,
v.
Clark H. REYNOLDS and Rosa Reynolds, his wife, Appellees.
No. 62-735.
District Court of Appeal of Florida. Third District.
June 11, 1963.
Aronovitz, Aronovitz & Haverfield and Norman M. Sevin, Miami, for appellant.
No appearance for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
This was a common law action to recover $1,150 allegedly due the appellant by the appellees for certain services as well as materials used in re-upholstering furniture. The appellees by their answer denied owing the amount claimed or anything for services, but admitted owing the appellant $250 for re-upholstering a chair and sofa. The cause was tried before a jury and a verdict was rendered in favor of the appellees. The appellant moved to set aside *201 the verdict and for a new trial. The trial court set aside the verdict, granted judgment in favor of the appellant for $188.65, and denied the motion for new trial. The appeal is from the aforesaid judgment.
The main question to be decided is whether the trial court erred in denying the appellant's motion for a new trial. We conclude that it did.
The appellees' answer admitted an indebtedness of $250 for the re-upholstering of a sofa and chair. The balance of the claim  some $900  was denied, but, notwithstanding this status of the case at the time of trial, the jury returned a verdict in favor of the appellees. Obviously the appellant was entitled to a verdict for at least the sum of $250. The trial judge was correct in setting aside the verdict because it was against the appellees' admission of partial liability contained in their answer. Since the only judgment which the court could have rendered on the verdict returned by the jury in favor of the appellees was a judgment for the appellees, it was error for the court not to award a new trial. The entire issue should, on a remand of this cause, be tried and the jury appropriately instructed as to the admission made by the appellees in their answer, and such other instructions as are necessary in the light of the issues made by the pleadings. See Wheeler v. Yellow Cab Co. of Orlando, Fla. 1953, 66 So.2d 501; Trice v. Loftin, Fla. 1950, 47 So.2d 6.
It appears from the judgment appealed that the court taxed costs against the appellant. This was error since costs in such an action normally follow the judgment and are taxed in favor of the party whose claim has been sustained. See § 58.04, Fla. Stat., F.S.A., and Ossinsky v. Nance, Fla. App. 1960, 118 So.2d 47.
It follows that the judgment appealed should be and is hereby reversed and the cause is remanded for a new trial not inconsistent with the views herein expressed.
Reversed and remanded.