302 So.2d 195 (1974)
FLAGALA CORPORATION, Appellant,
v.
H.E. HAMM et al., Appellees.
No. U-425.
District Court of Appeal of Florida, First District.
September 12, 1974.
Lynn C. Higby, Isler, Higby & Brown, Panama City, for appellant.
William E. Harris, Davenport, Johnston, Harris & Gerde, Panama City, for appellees.
McCORD, Judge.
Appellant contends on this appeal that the trial judge's award of only a $500 attorney's fee to appellant's attorney was an abuse of discretion. This suit was a suit to foreclose a mechanic's lien. Appellant contended appellee owed it a $9,491.48 balance on a construction contract. The trial judge found in essence that appellee was entitled to recover approximately $3,500 from appellant and stated:
"You may call it recovery, an offset, or label it any way you will but in fine there was a justifiable dispute here between these parties as to what the defendant ought to pay the plaintiff for this work."
The trial court, after applying the offset, entered judgment for appellant, holding that appellant was entitled to a lien upon *196 appellee's property in the amount of $6,650.22, which included a fee for appellant's attorney of $500.
The proofs submitted by appellant as to a reasonable fee show that he spent 44 hours on the case, which reduced to an hourly basis on the fee allowed is $11.36 per hour. Appellant's expert attorney witness testified that in his opinion a reasonable fee would be between $2,000 and $2,500, but in reaching this conclusion he considered only one factor  the time spent by appellant's attorney on the case. He did not consider all of the factors set forth in disciplinary rule 2-106 under Canon 2 of the Canons of Professional Ethics. The factors to be considered as guides in determining the reasonableness of a fee which are listed there are as follows:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
In a mechanic's lien foreclosure suit the prevailing party is entitled to recover a reasonable fee for the services of his attorney. See Section 713.29, Florida Statutes. Here, although there was a legitimate dispute as to the amount owed to appellant by appellee, appellant was the prevailing party. It recovered $6,150.22 of a $9,491.48 claim. Had it paid without suit the $6,150.22 and this suit had then been filed only to recover the remaining amount claimed to be owed under the contract, appellant would not have been the prevailing party and would not have been entitled to the award of an attorney's fee.
While we consider the range of a reasonable fee testified to by appellant's expert witness to be excessive when we consider appropriate factors in addition to time spent by the attorney for appellant, we find the $500 fee allowed by the trial court to be unreasonable and an abuse of discretion in that it is unduly low. We find that the sum of $1,500 would be a reasonable fee.
Appellant also contends that the trial judge erred in refusing to allow appellant its costs. We disagree. Foreclosure suits have historically been actions chancery. The Supreme Court in Atkins v. Bethea, 160 Fla. 99, 33 So.2d 638, stated as follows:
"It has long been a fundamental rule of equity jurisprudence that in a chancery cause costs should be awarded as the justice of the case may require. Wilhelm v. Adams, 102 Fla. 669, 136 So. 397; News-Journal Corporation v. Gore, 147 Fla. 217, 2 So.2d 741. Accordingly, a court of equity, in the exercise of a sound judicial discretion, may decree that the costs shall follow the result of the suit; may apportion the costs between both parties, or may require that all costs shall be paid by the prevailing party. In either situation, an appellate court will not disturb the ruling of the chancellor, unless a clear abuse of discretion is made to appear."
Later in Schwartz v. Zaconick, Fla., 74 So.2d 108, the Supreme Court said:
"... The general rule is that costs follow the results of the litigation but in *197 equity this rule may be departed from according to the circumstances. Wilhelm v. Adams, 102 Fla. 669, 136 So. 397; Holly Hill Grove & Fruit Co. v. Wicker, 107 Fla. 765, 143 So. 882 ..."
Appellant has failed to show an abuse of discretion by the trial judge in declining to award costs to appellant.
Affirmed in part and reversed in part with directions to the trial judge to enter judgment in appellant's favor for $1,500 attorney's fee in lieu of the $500 fee allowed.
RAWLS, C.J., and JOHNSON, J., concur.