302 So.2d 772 (1974)
John Andrew SPICUGLIA and City of Clearwater, Etc., Appellants,
v.
Joyce GREEN, etc., Appellee.
No. 73-937.
District Court of Appeal of Florida, Second District.
November 1, 1974.
Rehearing Denied November 27, 1974.
James B. Thompson, of Fowler, White, Gillen, Kinney, Boggs & Villareal, St. Petersburg, for appellants.
Morris W. Milton, of Williams & Milton, St. Petersburg, for appellee.
McNULTY, Chief Judge.
This is an appeal from a final judgment awarding damages to the plaintiff pursuant to the comparative negligence concept.[1] There was no counterclaim filed and the judgment was predicated on the finding that defendants/appellants were sixty percent at fault. The award of costs to plaintiffs, however, was based on one hundred percent of such costs. In the one point meriting discussion, appellant contends that costs should have been apportioned as were the damages.
Hoffman v. Jones,[2] the sire of comparative negligence, is silent on the precise question before us; yet, at first blush it would appear that the principles enunciated therein might require that one guilty of a given percentage of his own injury ought to bear a like percentage of his own costs. We think, however, sufficient reflection requires a more complex theorem if ultimate fairness on the issue of costs is to be afforded all potential parties to such actions. Accordingly, we explore the scope of those cases as they affect an award of costs to the end that the theorem may be developed for application in the future.
To begin with, emphasis ought be placed on the separateness of damages and costs as issues. Secondly, it is of paramount significance, we think, if there is a counterclaim filed in the case. Finally, we *773 must discount those cases, whether there's a counterclaim or not, in which a resulting judgment is based on one hundred percent fault of either party. Obviously, in the latter case the question before us would never arise.
We consider, first, a Hoffman v. Jones situation such as that here wherein there is no counterclaim. True it is that the plaintiff here had his judgment reduced to the extent that he was responsible for his own damages. But as to that, the case is no different in principle from any other case in which a plaintiff prevails only to the extent that he is able to establish his entitlement. In a contract action for example, in which there might be no dispute as to the plaintiff's right to the contract price but in which the defendant prevails in recoupment, the general rule would certainly apply, viz., the "costs follow the judgment."[3] In such case the plaintiff could recover his full costs notwithstanding that the amount of his judgment is less than the amount sought. Analogously, we hold that in a Hoffman v. Jones situation wherein there is no counterclaim, the general rule applies and costs follow the judgment.
Considering, now, a Hoffman situation in which there is a counterclaim (and indulging in obiter for the sake of future cases), we think other considerations compel a different conclusion. Paramount among these other considerations is the fact that so much depends in these cases upon the respective damages suffered by each of the parties and their relative degree of culpability in the causation thereof. To illustrate, one suffering large damages though he be ninety percent at fault may ultimately recover the "one judgment" contemplated by Hoffman, while the other party who is only ten percent at fault though suffering but slight damages ends up being the judgment debtor. Yet in reality, when the principles of Hoffman are applied to that hypothetical, did not the ultimate judgment debtor prevail on his claim to the extent of ninety percent of it? Indeed, applying the computations as mandated by Hoffman the other party is obligated to defray that ninety percent; and, but for the extensive damages suffered by the other party, the judgment debtor would have himself been the judgment creditor. On the other hand, it can't be denied either that the former prevailed to the extent he was able to show his entitlement as in the cases hereinabove discussed wherein there is no counterclaim. As we see it, it doesn't appear that either party really loses in such a situation. Rather, if anything, it might be said that each wins. We think, therefore, that in these cases the general rule that costs follow the judgment is unsatisfactory and unfair. We think the better rule is that regardless of who ultimately ends up with the one judgment in the case (again we discount the case wherein one or the other is one hundred percent at fault) each should recover his full costs from the other. This, of course, results in apportioning costs to some degree when they ultimately "wash out." But in any case, we think the rule we suggest today is consonant with fairness and sound principle. Since each party has, in effect, prevailed on his claim he ought recover his costs expended therefor.
Affirmed.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] See, Hoffman v. Jones (Fla. 1973), 280 So.2d 431.
[2] Id.
[3] See, Schwartz v. Zaconick (Fla. 1954), 74 So.2d 108, and Jordan v. Reynolds (Fla.App. 3d, 1963), 154 So.2d 200.