365 So.2d 1032 (1978)
DYNAMIC BUILDERS, INC., a Florida Corporation, Appellant,
v.
Harold TULL & Helyn Tull, His Wife, Appellees.
No. 77-2599.
District Court of Appeal of Florida, Third District.
December 19, 1978.
Rehearing Denied January 22, 1979.
*1033 Maurice Rosen, North Miami Beach, for appellant.
Kenneth H. Smith, Tavernier, for appellees.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant/defendant appeals from an "amended final judgment" and post-judgment "order on all pending motions," while appellees/plaintiffs have cross-appealed from that same judgment and order.
This litigation centered around a dispute over construction work performed by appellant on a motel owned by appellees. Testimony was disputed over the quality of workmanship and responsibility for alleged defects in the workmanship. Ultimately, the trial judge determined that appellees were entitled to be reimbursed for damages alleged in their complaint to have been incurred by virtue of repairs to their property necessitated by appellant's faulty construction. Further, the trial judge ruled that such damages should be deducted from the balance of the contract price still due and owing appellant, which was the subject of a counterclaim filed by appellant for foreclosure of its mechanic lien.
We have carefully reviewed all points raised in the appeal and cross-appeal, in light of the record on appeal, and have determined that none of the challenges raised by either appellant or appellees warrant our disturbance of the "amended final judgment," as there was competent substantial evidence to support the trial judge's findings. However, pursuant to Section 713.29, Florida Statutes (1977), the trial court erred in denying appellant an award of attorney's fees in its "order on all pending motions." The record demonstrates that appellant was the prevailing party on its counterclaim for foreclosure of its mechanics lien, notwithstanding the fact that the trial judge awarded appellant a figure somewhat less than the amount indicated in its "claim of lien." See Flagala Corporation v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974); Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla. 4th DCA 1973).
Accordingly, the "amended final judgment" is hereby affirmed, while that portion of the "order on all pending motions" which denies appellant attorney's fees is reversed and remanded with directions to enter an award of attorney's fees in favor of appellant.
*1034 Affirmed in part; reversed and remanded with directions in part.