378 So.2d 839 (1979)
AMERICAN INSULATION OF FORT WALTON BEACH, INC., Appellant,
v.
O.H. PRUITT, Appellee.
No. MM-470.
District Court of Appeal of Florida, First District.
December 14, 1979.
Rehearing Denied January 24, 1980.
*840 Robert M. Tippins, Fort Walton Beach, for appellant.
W. Douglas Campbell of Douglass, Davey & Cooper, Tallahassee, for appellee.
PER CURIAM.
Appellant American Insulation appeals a final judgment denying it an attorney's fee pursuant to Chapter 77-353, Laws of Florida, after it was awarded a recovery of $185.00 in a mechanics lien suit claiming $303.54. Appellee took nothing by his counterclaim. We agree that the court erred in failing to award appellant a reasonable attorney's fee.
Chapter 77-353, amending Section 713.29, Florida Statutes (1977), effective July 1, 1978, reads:
In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs as allowed in equitable actions.

First, we think appellant is the "prevailing party" even though the recovery did not equal the amount claimed. Under a similar fact situation in Flagala Corporation v. Hamm, 302 So.2d 195, 196 (Fla. 1st DCA 1974), we found appellant to be the prevailing party. We stated:
Here, although there was a legitimate dispute as to the amount owed to appellant by appellee, appellant was the prevailing party. It recovered $6,150.22 of a $9,491.48 claim. Had it paid without suit the $6,150.22 and this suit had then been filed only to recover the remaining amount claimed to be owed under the contract, appellants would not have been the prevailing party and would not have been entitled to the award of an attorney's fee.
See also Peter Marich and Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978); Dynamic Builders, Inc. v. Tull, 365 So.2d 1032 (Fla. 3d DCA 1978); Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla. 4th DCA 1973). The record does not reflect, nor does appellee claim, that at any time he tendered an amount he agreed was owing. Flagala Corporation, supra; Peter Marich and Associates, Inc., supra; Potter v. Rowan, 266 So.2d 121 (Fla. 2d DCA 1972), cert. denied, 271 So.2d 143 (Fla. 1972).
Having determined appellant was the prevailing party, we must determine whether the added clause "as allowed in equitable actions" should be construed to make the attorney's fee award discretionary rather than mandatory. Prior to the amendment, there was no question that the award was mandatory and that only the award of costs was discretionary. It was reasoned:
Foreclosure suits have historically been actions chancery, [sic] The Supreme Court in Adkins v. Bethea, 160 Fla. 99, 33 So.2d 638, stated as follows:
`It has long been a fundamental rule of equity jurisprudence that in a chancery cause costs should be awarded as the justice of the case may require.'
Flagala Corporation, supra at 196.
Chapter 77-353 retains the mandatory language "shall be entitled" in reference to the award of an attorney's fee. It appears that the added language does nothing more than recognize and reemphasize that the award of costs is discretionary, and not mandatory, as is the award of an attorney's fee. We conclude that the meaning of the *841 statute remains unchanged except that the new statute provides for an award of fees to the prevailing party on appeal as well as at trial. Reversed and Remanded for a determination of a reasonable attorney's fee for proceedings at trial and on this appeal.
ERVIN and BOOTH, JJ., concur.
ROBERT P. SMITH, Jr., J., dissents.
ROBERT SMITH, J., dissenting:
By adding the words "as allowed in equitable actions" to Section 713.29, the legislature obviously intended something. That something appears to me to be a purpose to permit the court to grant or deny fees based on equitable considerations which previously affected only the award of costs. Flagala Corp. v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974). Thus I would hold that an award of attorney's fees is no longer the prevailing party's right. In this case, the chancellor denied appellant a fee award because the amount of its recovery was substantially less than the amount claimed. Appellee evidently did not contest his liability for some of the money claimed. The record provided us does not permit full assessment of the equitable considerations that may have entered into the trial court's judgment. Accordingly, I would affirm.