386 So.2d 1245 (1980)
KENDALL EAST ESTATES, INC., Appellant,
v.
David P. BANKS and Joan S. Banks, His Wife, Appellees.
No. 79-2266.
District Court of Appeal of Florida, Third District.
July 22, 1980.
Rehearing Denied September 4, 1980.
*1246 Krongold & Bass and Paul H. Bass, Coral Gables, for appellant.
Krause, Reinhard & Linden and Frank H. Tamen, Miami, for appellees.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
On July 20, 1978, Kendall East Estates, Inc. and Mr. and Mrs. Banks entered into a "deposit receipt contract" for the sale and purchase, respectively, of a newly constructed residence in Dade County. The contract contained a clause which provided that "[i]f either party is required to retain an attorney in order to enforce any right hereunder or to assure compliance herewith by the other, the prevailing party in any such litigation shall be entitled to ... reasonable attorney's fees." At the closing, which took place on August 30, 1978, the parties entered into a separate "Punch List Agreement" in which the seller-builder, Kendall East, agreed to make or to pay for *1247 specified repairs and corrections to the house.
In December, 1978, Kendall East sued the Banks in the Dade County Circuit Court for $3,818.00 which, allegedly because of a mutual mathematical error, had been underpaid on the agreed purchase price at the closing. The Banks counterclaimed for a breach of the supplementary August 30, 1978 agreement. The trial judge entered summary judgment for the plaintiff on the complaint. After a nonjury trial, he found in favor of the Banks on the counterclaim in the amount of $2,428.44. A single final judgment was thereafter entered in favor of Kendall East for the $1,389.56 difference. Neither side complains of any of these rulings. However, the further provision of the judgment that both parties bear "their own attorneys' fees and costs" has elicited this appeal by Kendall East and a cross-appeal by the Banks. We reverse on the appeal and affirm on the cross-appeal.
We first agree with Kendall East that since it was the only "party recovering judgment" in this action at law for money damages, the trial court was obliged by the terms of Section 57.041, Florida Statutes (1979) to assess costs in its favor.[1] E.g., Murray v. Plastridge, Inc., 338 So.2d 260 (Fla. 4th DCA 1976); United Furniture Co. v. Register, 328 So.2d 566 (Fla. 3d DCA 1976); Jordan v. Reynolds, 154 So.2d 200 (Fla. 3d DCA 1963). This result is required notwithstanding the fact that the Banks reduced the amount of the plaintiff's net judgment by the successful pursuit of their counterclaim. Cases collected, Annot., Who is the "Successful Party," or "Prevailing Party" for purposes of Awarding Costs Where Both Parties Prevail on Affirmative Claims, 66 A.L.R.3d 1115, 1119-21 (1975); 12 Fla.Jur.2d Costs § 11 (1979); see Spicuglia v. Green, 302 So.2d 772, 773 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975).
Kendall East was also entitled to attorney's fees for the services involved in the prosecution of the complaint.[2] The action to recover an unpaid portion of the purchase price specified in the purchase and sale agreement[3] was plainly one to "enforce a right [under] or to assure compliance" with a provision of that contract.[4] Attorney's fees were therefore clearly recoverable under the agreement in question. See Ritter's Hotel, Inc. v. Sidebothom, 142 Fla. 171, 194 So. 322 (1940).
The Banks' cross-appeal claims that they should have been awarded attorney's fees under the July 20 agreement for the maintenance of the counterclaim. For two reasons, we disagree. In the first place, because they did not succeed in recovering a judgment in their favor, they were not the "prevailing party in [the] litigation" as required by the pertinent clause of the contract. See Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 324 (Fla. 1971); Annot., 66 A.L.R.3d 1115, supra. Secondly, the counterclaim was, as it specifically alleged, brought pursuant to the August 30, 1978 agreement, rather than to enforce rights or require compliance with the July 20, 1978 contract itself. The attorney's fee provision, by its own terms, therefore did not apply. See, Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303 (1943); Drew v. Hobbs, 104 Fla. 427, 141 So. 596 (1932); Israel v. Bean, 97 Fla. 636, 121 So. 806 (1929); Wing, Inc. v. Arnold, 107 So.2d 765 (Fla. 3d DCA 1958).
The judgment below is affirmed with the exception of the denial of costs and attorney's *1248 fees to the plaintiff-appellant and the cause is remanded for the assessment of those amounts by the trial court.
Affirmed in part, reversed in part and remanded.
NOTES
[1] The rule is different in equitable actions in which the court has discretion as to whether, and in whose favor, costs should be assessed. Wilhelm v. Adams, 102 Fla. 669, 136 So. 397 (1931); Wade v. Murrhee, 75 Fla. 494, 78 So. 536 (1918).
[2] For the reasons stated below no fees are assessable for the defense of the counterclaim.
[3] The agreement to pay a stated consideration for the property survived the delivery of the deed at the closing. Milu, Inc. v. Duke, 204 So.2d 31, 33 (Fla. 3d DCA 1967).
[4] The complaint alleged that

"[t]here remains due and owing to Plaintiff by Defendants $3,818.00 on account of the purchase price due Plaintiff on the Contract for purchase and sale."