397 So.2d 959 (1981)
BRICKELL BAY CLUB CONDOMINIUM ASSOCIATION, INC., Appellant/Cross Appellee,
v.
Michael FORTE et al., Appellees/Cross Appellants.
No. 79-2148.
District Court of Appeal of Florida, Third District.
April 14, 1981.
Rehearing Denied May 20, 1981.
*960 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul E. Gifford and Paul A. Louis, Miami, for appellant/cross appellee.
Hall & Hauser and Richard F. O'Brien, III and Andrew C. Hall, Miami, for appellees/cross appellants.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
There is no merit whatever in the appellant, Brickell Bay Club Condominium Association, Inc.'s claims of error in the entry of judgment against it, after non-jury trial, in an action seeking rescission of two agreements between the association and the appellees. Consequently, we affirm as to the appeal.
By cross-appeal,[1] the appellees challenge the trial court's failure to award them reasonable attorney's fee and costs, notwithstanding a specific term of one of the pertinent contracts which stated
In connection with any litigation arising out of this Contract, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorneys' fees.
The trial court apparently made its determination because the action had been brought in good faith and on fairly debatable grounds. This ruling was erroneous. The agreement which has been quoted gave those of the appellees who were parties to it, since they prevailed in the litigation below, a clear and unequivocal right to the recovery of both attorney's fees and costs.[2] The courts have no discretion to decline to enforce such an undertaking, any more than any other contractual provision. Ritter's Hotel, Inc. v. Sidebothom, 142 Fla. 171, 194 So. 322 (1940); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245, 1247 (Fla. 3d DCA 1980); Silver Blue Lake Apts., No. 3, Inc. v. Manson, 334 So.2d 48 (Fla. 3d DCA 1976). Accordingly, the cause is remanded for the sole purpose of determining the amounts of attorney's fees and costs to be awarded under the provision in question.[3]
Affirmed in part, reversed in part.
NOTES
[1] See, Brickell Bay Club Condominium Association, Inc. v. Forte, 379 So.2d 1334 (Fla. 3d DCA 1980).
[2] Absent the agreement, the court would have discretion to deny costs to either side in an equitable action like this. Wilhelm v. Adams, 102 Fla. 669, 136 So. 397 (1931); International Center of the Americas, Inc. v. Dade Fashions, Inc., 391 So.2d 383 (Fla. 3d DCA 1980).
[3] Consistent with this holding, we have granted the motion for attorney's fees on appeal and assessed the sum of $15,000.