506 So.2d 1081 (1987)
Bernard W. GIMBEL and Fidelity and Deposit Company of Maryland, Appellants,
v.
INTERNATIONAL MAILING AND PRINTING CO., INC., Stanley Myatt, Airwing International, Inc., Robert G. Eby, Jerry Boehm, and Phyllis Siegel, As Personal Representative of the Estate of Harvey R. Siegel, Appellees.
No. 4-86-1633.
District Court of Appeal of Florida, Fourth District.
April 29, 1987.
*1082 Martin L. Hoffman of Hoffman, Larin & Feinsmith, P.A., North Miami Beach, for appellant-Bernard W. Gimbel.
Ira F. Gropper, Hollywood, for appellant-Fidelity and Deposit Co. of Maryland.
Bruce E. Lazar of Palmer & Lazar, P.A., Miami, for appellee-International Mailing and Printing Co.
PER CURIAM.
This is an appeal from a final order granting attorneys fees in a replevin action. The court has jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(1)(A) and Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981). We reverse.
On August 2, 1982, plaintiff-appellant Bernard Gimbel filed a complaint against International Mailing and Printing Co. and several other defendants. In the first count, Gimbel sought recovery against International Mailing on a promissory note. The second count alleged that certain other defendants were liable under a personal guaranty executed on the note. Count III was for replevin and, as a basis for securing prejudgment possession, alleged that International Mailing was attempting to wrongfully sell or transfer a Boeing 707 aircraft which was pledged as collateral to secure the note. Gimbel posted a replevin bond and took possession of the aircraft. On April 12, 1983, the defendants filed a counterclaim against Gimbel, alleging that he had allowed the collateral to be vandalized while in his possession and that it had diminished in value. Gimbel later obtained monetary relief against one of the guarantor-defendants in the action on the note, and voluntarily dismissed the replevin count. After a trial without a jury, the court awarded International Mailing $120,000 on its counterclaim for damages to the aircraft. The court also ruled that International would be entitled to a reasonable attorneys fee on the replevin count pursuant to section 78.20, Florida Statutes (1985). A hearing was held on June 11, 1986, resulting in an award of attorneys fees in the amount of $50,000.
The first point raised by Gimbel relates to International Mailing's entitlement to an attorneys fee under section 78.20. That statute provides:
When property has been retained by, or redelivered to, defendant on his forthcoming bond or upon the dissolution of a prejudgment writ and defendant prevails, he shall have judgment against plaintiff for his damages for the taking, if any, of the property, attorneys fees, and costs. The remedies provided in this section and s. 78.21 shall not preclude any other remedies available under the laws of this state.
Appellant argues that International did not "prevail" on the replevin count, since the action established the validity of the underlying debt and the replevin count was voluntarily dissolved only because appellant obtained satisfaction of the debt from the guarantors.
As a general rule attorneys fee statutes are in derogation of the common law and are to be strictly construed. Michigan National Bank of Detroit v. Maierhoffer, 382 So.2d 318, 322 (Fla. 3d DCA 1979) (interpreting § 78.20). In Sag Harbour Marine, Inc. v. Fickett, 484 So.2d 1250 (Fla. 1st DCA 1985), plaintiff-appellant Sag Harbour Marine obtained prejudgment replevin of a yacht. Appellees contested the action, but did not post a bond or apply for dissolution of the writ. The action proceeded to judgment in favor of the appellees on the issue of possession of the yacht, and the lower court awarded attorneys fees to appellees on the basis of section 78.20. However, the First District reversed, finding the statute inapplicable because the yacht had not been retained or redelivered to the appellees on a bond or the dissolution of a prejudgment writ. Thus, although the defendants-appellees clearly "prevailed" on the replevin count at the trial level, the appeals court gave a narrow construction to the statute to deny recovery of fees.
*1083 International Mailing contends that it prevailed on the replevin count because Gimbel voluntarily dismissed that count without obtaining a judgment against International Mailing. However, a number of cases have rejected similar arguments where, as here, the plaintiff prevailed on an alternative count of the complaint. In Hendry Tractor Company v. Fernandez, 432 So.2d 1315 (Fla. 1983), plaintiffs sued defendants on alternative theories of negligence and strict liability. The jury found the defendants liable for negligence but not under the strict liability count. Citing section 57.041(1), which provides for payment of costs by the losing party in civil litigation, the defendants sought recovery for costs under the strict liability count. The district court reversed the lower court's order taxing costs, and the supreme court approved the district court's decision. Because it was prudent for the plaintiffs to plead alternative theories of recovery, and because they ultimately did vindicate their position by earning a substantial verdict on the negligence count, the court reasoned that the defendants could not be viewed as "the party recovering judgment" as to count II, for the purposes of taxing costs under the statute. Id. at 1317. The First District in Heindel v. Southside Chrysler Plymouth, Inc., 476 So.2d 266 (Fla. 1st DCA 1985), applied the rationale of Hendry Tractor to an appeal from an award granting the defendant attorneys fees. In Heindel, the plaintiff pleaded alternative theories of bailment, breach of contract, and deceptive trade practices under Chapter 501. Chapter 501 actions carry an attorneys fee provision for "the prevailing party, after judgment." § 501.2105. The plaintiff prevailed on the bailment and breach of contract counts, but the defendant earned a directed verdict on the Chapter 501 count. Defendant moved for and was granted an attorneys fee on that count. On appeal, the fee award was reversed. Reasoning from the Hendry Tractor decision, the court ruled that the statutory attorneys fee provision was inapplicable because the plaintiff received a net judgment in the entire case. Id. at 269-70. The court also stressed the importance of the statutory language which provided for fees to the "prevailing party, after judgment," noting that the defendants technically did not receive a judgment in their favor on the Chapter 501 count. Id. at 269; see also Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986) (interpreting § 448.08).
These cases are analogous to the one before the court in that the defendant was awarded an attorneys fee as the prevailing party on one count of a multi-count complaint, even though the plaintiff prevailed on the remaining counts, establishing the underlying liability of the defendant. As the supreme court observed in Hendry Tractor, modern pleading rules encourage the use of alternative theories of liability for damages arising out of a single transaction, and the otherwise successful plaintiff should not be penalized by having to pay fees under the alternative that does not succeed. In this case, the theories of guaranty and replevin were alternative theories aimed at securing recovery of the debt owed Gimbel by International Mailing. Gimbel ultimately prevailed on the merits and a substantial judgment was obtained under the guaranty. Thus, even if Gimbel had not voluntarily dismissed the replevin count, but had instead followed it through to the trial and been found not to be entitled to that remedy, there would still be an argument under Hendry and its progeny that International Mailing was not the prevailing party and was not entitled to fees. The instant facts are even stronger for Gimbel, since the replevin issue was mooted by appellant's collection from the guarantors and was never established by the defendant to be without merit.
The appellee's only remaining argument is that it prevailed on the replevin count by virtue of its recovery of $120,000 on the counterclaim. Admittedly, this is a meaningful distinction from Hendry Tractor, in which the court pointed out:
At trial, the jury found Hendry Tractor culpably negligent and as a result, the Fernandezes were awarded $101,600.00. Hendry filed no counterclaims, nor were any affirmative claims established *1084 against the Fernandezes during the course of litigation. Net judgment was, without doubt, rendered in favor of the plaintiffs/Fernandezes. As a general rule costs follow the outcome of the litigation and we are not here confronted with a situation warranting departure from such principle. Schwartz v. Zaconick, 74 So.2d 108 (Fla. 1954); Spicuglia v. Green, 302 So.2d 772 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975); Jordon v. Reynolds, 154 So.2d 200 (Fla. 3d DCA 1963). The Fernandezes are clearly the parties recovering judgment and should be awarded costs.
432 So.2d at 1316. Similarly, in Heindel the court found that Southside was not the prevailing party on the Chapter 501 claim in part because it "did not allege and establish any affirmative claim for relief." 476 So.2d at 269.
In the present case, International Mailing clearly did establish an affirmative claim for relief. However, in our view, this fact alone does not render International Mailing the prevailing party on the replevin claim, because the counterclaim and the replevin claim were distinct. Section 78.20 does not create an independent cause of action for damages to a replevied chattel, and defendants' counterclaim was not grounded in that section. While that section does allow recovery for damages due to waste of the replevied property, the ability of the defendant to recover fees under that section operates irrespective of whether any waste has been demonstrated. A defendant could prevail in the replevin action without showing waste; similarly, a plaintiff can make out a valid claim for replevin even though waste may also have been committed during the prejudgment period. Section 78.20 is merely a "make whole" provision for defendants who prevail in replevin actions and meet certain other criteria of entitlement. In summary, while it may be possible to conclude in a broad sense that International Mailing prevailed, in the strictest sense neither party prevailed, since neither party received a judgment in its favor on the action for replevin. Pursuant to Maierhoffer and Sag Harbour, and consistent with our obligation to strictly construe the statutory provisions for attorneys fees, we conclude that the trial court erred in awarding fees pursuant to section 78.20, since the appellee did not prevail in the replevin action. Our resolution of this issue moots the other points raised.
Accordingly, the judgment of the trial court is reversed and this cause is remanded with directions that judgment be entered in accord herewith.
ANSTEAD and GLICKSTEIN, JJ., and FEDER, RICHARD YALE, Associate Judge, concur.