PER CURIAM.
Appellants seek reversal of a final judgment awarding attorney’s fees and costs to the prevailing party in a contract dispute. We affirm.
Design Guild, Inc. and Ashoka Enterprises, Inc., et al. entered into an agreement under which Design was to receive a fee for the purchase and installation of fixtures, furnishings, and equipment for a hotel Ashoka was building. Under the terms of that agreement, the “prevailing party” to any litigation arising out of the agreement was entitled to attorney’s fees and costs. When Ashoka’s financier was unable to meet payments due on ordered items, Design advanced substantial sums to Ashoka’s suppliers. Ashoka subsequently executed a note and supplemental agreement to Design, each containing the same “prevailing party” clause.
Under the supplemental agreement, the parties acknowledged that Design had performed its obligations, agreed to indemnify Design and agreed that Ashoka could pay suppliers directly and deduct such amounts from Design’s records of funds due. Asho-ka paid Design two payments on the note *287 but failed to make the final balloon payment. Design sued Ashoka on the note and supplemental agreement. Ashoka counterclaimed charging breach of contract, rescission, and further requesting that the court instruct Design to make an accounting. Both parties sought attorney’s fees.
Based upon the agreement’s provision for Ashoka’s direct payment to suppliers, the trial court in its final judgment rejected Design’s claim for funds due. However, it held Ashoka responsible for all sales and use taxes owed and more significantly ruled that Ashoka be held responsible for indemnification of Design in any suit arising out of the Ashoka/Design relationship. Design was required to provide all information to Ashoka concerning the taxes due and any third-party claims outstanding. Ashoka’s counterclaims for damages were denied. In a separate judgment, the court awarded Design attorney’s fees and costs and rejected Ashoka’s claim for same.
It is not necessary that a recovery equal the amount claimed for a party to be the “prevailing party.” American Insulation of Forth Walton Beach, Inc. v. O.H. Pruitt, 378 So.2d 839 (Fla. 1st DCA 1979) (plaintiff found to be “prevailing party” even though recovery did not equal amount claimed against defendant). Where some performance is due and appellant is forced to litigate to bring about that performance, appellant upon judgment in his favor is the prevailing party to that dispute. See Flagala Corp. v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974) (party who recovered only portion of original lien claim was “prevailing party” entitled to award of attorney’s fees). Where defendant does not allege that at any time he tendered amount he agreed was owing, plaintiff upon recovery may be found to be the prevailing party. See American Insulation of Fort Walton Beach, Inc., 378 So.2d at 840.
Here, once an accounting had taken place, Ashoka was in a position to know the extent of its obligation to Design. Ashoka in no way offered to fulfill that obligation prior to trial. Because of Ashoka’s inaction in the face of its obligation, Design was the prevailing party once Ashoka was ordered to pay for specific items and assume certain duties.
Accordingly, the order granting Design’s motion for attorney’s fees and costs is affirmed.