COBB, Judge.
The issue is whether the trial court erred in finding that attorney’s fees and costs are immediately awardable under section 78.20, Florida Statutes (1993), solely upon the dissolution of a prejudgment writ of replevin. That statute reads:
When property has been retained by, or redelivered to, defendant on his forthcoming bond or upon the dissolution of a prejudgment writ and defendant prevails, he shall have judgment against plaintiff for his damages for the taking, if any, of the property, attorney fees, and costs. The remedies provided in this section and s. 78.21 shall not preclude any other remedies available under the laws of this state.
Trans Atlantic Distributors, L.P. (TAD) filed an action against Whiland Co., S.A. and *884 others seeking, inter alia, a prejudgment writ of replevin and a final judgment of replevin regarding master tapes of motion pictures. The trial court issued a prejudgment writ of replevin without notice pursuant to section 78.068(2), Florida Statutes (1993) and TAD posted a replevin bond. Pursuant to subsection (6) of the statute, Whiland successfully moved to dissolve the prejudgment writ. After entry of the order dissolving the writ, Whiland filed a motion for costs and attorney’s fees pursuant to section 78.20. The trial court ultimately issued a “partial final judgment” awarding fees and costs, giving rise to the instant appeal.
Based upon the plain language of section 78.20, we reverse. Two conditions must be met before a defendant can recover attorney’s fees and costs under this statute. Although the prejudgment writ has been dissolved, the defendant Whiland has not yet prevailed in this action, and may or may not do so. The trial judge apparently read the words “and defendant prevails” to apply only to the proceedings relating to the prejudgment writ, but we do not. That interpretation renders those three words redundant and superfluous. We believe the reference contemplates that the defendant ultimately prevails in the replevin action. See Gimbel v. International Mailing and Printing Co., Inc., 506 So.2d 1081, 1084 (Fla. 4th DCA 1987) (section 78.20 is merely a make-whole provision for defendants who prevail in re-plevin actions and meet other criteria of entitlement) (emphasis supplied).
In agreeing with the Fourth District’s interpretation of section 78.20, we acknowledge conflict with McMurrain v. Fason, 584 So.2d 1027 (Fla. 1st DCA), rev. denied, 592 So.2d 680 (Fla.1991).
REVERSED.
PETERSON, C.J. and THOMPSON, J., concur.