PER CURIAM.
In the instant case, Jorge and Leonor Nunez filed a mortgage foreclosure action against Pedro and Ana Fernandez. The Fernandezes, as an affirmative defense, sought an offset against the amount due on the note. The offset was based on a judgment that the Fernandezes had obtained in a prior lawsuit against Jorge Nunez. The trial court granted the offset and entered final summary judgment. The Nunezes appealed.
We reverse that portion of the order granting the Fernandezes an offset. Because the purchase money mortgage and the promissory note in issue were held by Jorge and Leonor Nunez as tenants by the entire-ties and the judgment obtained by the Fer-nandezes in the previous suit was only against Jorge Nunez, the trial court improperly offset the amount of the judgment. Planas v. Feltmau, No. 98-506, 1998 WL 757988, at 4 (S.D.Fla. Aug. 21, 1998)(“[T]he purpose underlying the Florida entireties exemption is to protect entireties property held by husband and wife from attack by creditors of one spouse individually.”); Ohio Butterine Co. v. Hargrave, 79 Fla.458, 84 So. 376, 378 (Fla.1920)(“An estate by entirety cannot be seized and sold upon execution for the separate debts of either the husband or the wife.”). Therefore, that portion of the trial court’s order granting the defendants an offset is reversed.
Further, under the terms of the note, the plaintiffs are entitled to attorney’s foes. Brickell Bay Club Condominium Ass’n, Inc. v. Forte, 397 So.2d 959, 960 (Fla. 3d DCA), review denied, 408 So.2d 1092 (Fla.1981).
Reversed and remanded for entry of judgment consistent with this opinion.