978 So.2d 283 (2008)
Jussi K. KIVISTO, Petitioner,
v.
GMAC LLC f/k/a General Motors Acceptance Corporation, Respondent.
No. 4D08-882.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
*284 Jussi K. Kivisto of Kivisto Law Firm, Lake Worth, pro se.
Mark J. Bernet of Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., Tampa, for respondent.
PER CURIAM.
The issue raised by this petition for certiorari is when, in a replevin action in which the defendant has prevailed, the court must award defendant damages. In a non-final order the trial court ordered plaintiff to return the vehicle to defendant, but postponed a determination of damages for a later hearing to be scheduled.
In McMurrain v. Fason, 584 So.2d 1027 (Fla. 1st DCA 1991), the first district granted a petition for certiorari under similar circumstances, holding that damages were due immediately upon the dissolving of the writ. Prior to McMurrain, this court had construed section 78.20, Florida Statutes (2007), upon which this issue turns, in a manner contrary to McMurrain. Gimbel v. Int'l Mailing and Printing Co., 506 So.2d 1081 (Fla. 4th DCA 1987). After McMurrain was decided the fifth district, in Trans Atlantic Distributors, L.P. v. Whiland Co., S.A., 671 So.2d 883 (Fla. 5th DCA 1996) adopted our holding in Gimbel and disagreed with McMurrain.
We agree that this order is reviewable by certiorari, based on McMurrain, but we disagree with the holding on the merits on McMurrain and agree with Trans Atlantic. We certify direct conflict with McMurrain v. Fason, 584 So.2d 1027 (Fla. 1st DCA 1991).
Petition denied.
SHAHOOD, C.J., POLEN and KLEIN, JJ., concur.