[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

Nos. 08-14984 and 08-16236
Non-Argument Calendar

_____

D. C. Docket No. 02-00080-CV-SPM-AK

AGRICULTURAL SERVICES AND INVESTMENTS, INC. ,
f.k.a. F&W Agriservices Inc.,

Plaintiff-Counter-Defendant-Appellant,

versus

BAGGETT BROTHERS FARM, INC.,
LAZORTH BAGGETT,
a.k.a. L. N. Baggett,
EVELYN BAGGETT,
BILLY BAGGETT,
a.k.a. Billy B. Baggett,
ADA MAE BAGGETT,
et al.,

Defendants-Counter-Claimant-
Appellees.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(June 1, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Agricultural Services and Investments, Inc., also known as the Cougar Agricultural Services Company, Inc., challenges post-judgment orders by the district court related to the enforcement of the judgment in this case as well as the award of attorney's fees.

**I.**

The case began when Cougar sued Baggett Brothers Farm, Inc, as well as several individual members of the Baggett family ("the Baggetts") for breach of contract. The Baggetts counterclaimed, alleging that Cougar owed them money under a lease agreement. After a bench trial, Cougar prevailed on its claim, and the Baggetts counterclaims were denied. As a result, Cougar won damages of approximately $450,000 and attorney's fees of $100,000. The Baggetts appealed, however, and the tides turned. Although we affirmed Cougar's judgment on the breach of contract claim, we reversed the district court's denial of the Baggetts' counterclaims and held that they were entitled to approximately $2,500,000 in damages. See Cougar Agr. Servs. and Invs. Inc. v. Baggett Bros. Farm, Inc., 249 Fed. Appx. 122, 129 (11th Cir. 2007). We also held that amount should be reduced by the $450,000 the Baggetts owed on Cougar's breach of contract claim

2

and therefore instructed the district court to enter judgment in favor of the Baggetts in the amount of just over $2 million. Id. While the appeal was pending, Cougar had recovered from the Baggetts the judgment and attorney's fees initially awarded by the district court.

After the Baggetts prevailed in the appeal, they filed several motions with the district court. First, they asked the district court to reverse its award of attorney's fees to Cougar because the Baggetts were now the prevailing party. Second, they asked the district court to order Cougar to pay the $2 million that we held that they were entitled to and to repay the money that the Baggetts had paid Cougar on the original judgment before it was reversed. The district court granted both motions and ordered Cougar to pay the Baggetts approximately $2.7 million. In a separate order, the district court awarded the Baggetts attorney's fees based on their successful counterclaim under the lease agreement. This is Cougar's appeal challenging those orders.

## II.

Cougar's appeal boils down to two contentions. First, Cougar contends that the district court abused its discretion when it ordered Cougar to repay the judgment and related attorney's fees that it had recovered from the Baggetts. Second, it contends that the district court erred in awarding attorney's fees to the

Baggetts.

**A.**

We review only for an abuse of discretion the district court's post-judgment order forcing Cougar to repay the previously paid judgment and related attorney's fees. See Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Cougar contends that the district court abused its discretion because Cougar's claim underlying the judgment was affirmed on appeal. It argues that because the judgment was not reversed, the district court did not have the authority to order Cougar to return the money that it had recovered on that claim. It also argues that its claim is separate and distinct from the Baggetts' counterclaim. We disagree.

As a result of our opinion reversing the district court's denial of the Baggetts' counterclaims, Cougar owed more money to the Baggetts than the Baggetts had owed to Cougar. In other words the Baggetts netted out a win in the underlying lawsuit. When it was all said and done, Cougar on balance owed the Baggetts over two million dollars. Our precedent supports the district court's authority to order equitable restitution of the Baggetts' earlier payments to Cougar. See Piambino v. Bailey, 757 F.2d 1112, 1139 (11th Cir. 1985) ("Upon reversing a money judgment, an appellate court, drawing upon the equitable principle of restitution, may direct a party who has obtained satisfaction of the judgment to

4

return the monies he has received to the party who paid them." (citing Nw. Fuel

Co. v. Brock, 139 U.S. 216, 219, 11 S. Ct. 523, 524 (1891))). Cougar argues that

Piambino is distinguishable because, unlike in that case, in this one we affirmed

Cougar's judgment for breach of contract. We are unconvinced. Although the

judgment on Cougar's claim was affirmed, the overall decision about the damages

owed in the case was reversed on appeal—from a $450,000 judgment in favor of

Cougar to a $2 million judgment in favor of the Baggetts. But for the erroneous

denial of the Baggetts' counterclaim, they would not have been required to pay any

amount to Cougar. The district court had the equitable power to "correct what had

been wrongfully done." Nw. Fuel Co., 139 U.S. at 219, 11 S. Ct. at 524. Just as in

Piambino, the balance of equities in this case favors requiring Cougar to repay the

judgment that it had collected earlier. See 757 F.2d at 1142.

The district court also correctly found that "it would be inequitable to allow

[Cougar] to keep the attorney fee payment that [the Baggetts] previously made"

because this court had concluded that the basis for those fees was invalid.[1]

---

[1] The basis for Cougar's attorney's fees award was a security agreement between the parties that the district court ordered foreclosed because Cougar had prevailed at the bench trial. We reversed, noting that because Cougar now "owe[d] more money to the Baggetts than the Baggetts owe to [Cougar], the judgment of the district court that the security agreement is foreclosed is vacated as moot." Baggett Bros. Farm, Inc., 249 Fed. Appx. at 129.

**B.**

Cougar also contends that the district court erred in awarding the Baggetts attorney's fees based on their successful claim under the lease agreement. It makes two arguments. First, Cougar argues that the Baggetts failed to follow the required procedures for submitting a claim for attorney's fees, including timely submission of documents supporting the hours spent on the case. Second, Cougar argues that the district court improperly based the fees on the total lease payments owed without considering various mitigating factors. Those arguments fail. The lease agreement contained an express provision for liquidated attorney's fees. That provision stated that when it became necessary for a party to collect "any sum agreed to be paid by the other," the collecting party was entitled to 15% of that amount. That attorney's fees provision is enforceable under Florida law. See Burger King Corp. v. Mason, 710 F.2d 1480, 1496 (11th Cir. 1983) (citing Brickell Bay Club Condo. Ass'n, Inc. v. Forte, 397 So. 2d 959, 960 (Fla. 3d DCA 1981)). It was proper for the district court to base its fee award on the amount that we had held Cougar owed the Baggetts under the lease agreement. Just as in Mason, "[t]he district court did not err in awarding attorney's fees as provided in the contract." Id.

**AFFIRMED.**