# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-862
Lower Tribunal No. 15-16303
_____

**Jean Claude Belvant,**
Appellant,

vs.

**Abraham Cohen, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Debra Kay Cohen, for appellant.

Michael S. Kaufman, for appellee Abraham Cohen.

Before EMAS, SCALES and BOKOR, JJ.

SCALES, J.

Appellant, plaintiff below, Jean Claude Belvant ("Belvant") appeals a March 4, 2021 order captioned as a "Final Judgment Awarding Attorney Fees and Costs In Favor of Defendant Abraham Cohen Against Plaintiff Jean Claude Belvant" ("Fee Judgment"). The Fee Judgment awards $24,695.00 in fees to appellee, one of three defendants below, Abraham Cohen ("Cohen"), after Cohen succeeded in vacating a prejudgment writ of replevin obtained by Belvant. We reverse the Fee Judgment because we conclude that, to be entitled to a fee award under section 78.20 of the Florida Statutes (2014), a defendant must prevail not only in having the prejudgment replevin writ dissolved, but also in the underlying action for replevin, which in this case remains pending. In so doing we align ourselves with the Fourth and Fifth Districts and certify conflict with the First District's decision in McMurrain v. Fason, 584 So. 2d 1027 (Fla. 1st DCA 1991).

**I. Relevant Background**

In 2008, Belvant and Cohen jointly submitted to Broward County a Taxicab and Luxury Sedan Lottery Application and subsequently became co-holders of a taxi permit ("the Permit").[1] Belvant and Cohen then allegedly entered into an agreement in 2014, whereby a company named Broward

[1] The Permit is a certificate of public convenience and necessity issued by Broward County, enabling its holder, among other things, to operate a taxicab at the Broward County Airport.

2

Airport Taxi was given the ability to use the Permit and, in exchange, the company provided payment to both Belvant and Cohen. Upon the expiration of this agreement, Belvant requested the Permit back, but was refused by both Cohen and Broward Airport Taxi. Belvant then filed a four-count complaint against Cohen, Broward Airport Taxi and Broward Airport Taxi's managing member wherein Belvant sought, among other relief, issuance of a writ of replevin.[2]

On September 24, 2015, pursuant to section 78.068 of the Florida Statutes,[3] the trial court granted Belvant a prejudgment writ of replevin, requiring the defendants to relinquish the Permit to Belvant upon Belvant posting a nominal bond of forty dollars. Subsequently, however, on August 16, 2016, the trial court vacated its earlier prejudgment replevin order, entering a vacatur order that stated, in relevant part:

> [P]laintiff shall have five (5) days to either post a bond in the amount of two hundred thousand dollars ($200,000) with the clerk of court or return the taxi decal previously obtained from the

---

[2] Belvant's other claims were for conversion, civil theft and civil conspiracy. As mentioned herein, it appears that all four counts of Belvant's complaint remain pending.

[3] In pertinent part, this statute provides that a prejudgment writ of replevin may be issued and the property seized on facts shown by the plaintiff in a verified petition or affidavit; provided, however, that the plaintiff "must post a bond in the amount of twice the value of the goods subject to the writ . . . as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully." § 78.068(1),(3), Fla. Stat. (2014).

defendant(s) to Michael S. Kaufman, Esq. to be held in trust pending further order of court.

Belvant did not post the bond determined in the vacatur order. Rather, seeking to reverse the vacatur order, and have the prejudgment writ of replevin reinstated, Belvant filed an interlocutory appeal with this Court. On November 21, 2016, during the pendency of this appeal, the trial court entered an order placing the Permit with a receiver.[4] In April 2017, we affirmed the vacatur order, issuing an unelaborated per curiam opinion. See Belvant v. Saint Vil, 225 So. 3d 819 (Fla. 3d DCA 2017).[5]

Relying upon section 78.20, Cohen then filed a motion in the trial court asserting his entitlement to damages, attorney's fees and costs based on his having the prejudgment writ of replevin vacated. On July 19, 2017, the trial court entered an order granting Cohen entitlement to fees.

On July 17, 2020, the trial court conducted the evidentiary hearing to determine the amount of fees to which Cohen would be entitled. On March 4, 2021, a successor judge entered the order on appeal, the Fee Judgment. This appeal followed. Importantly, the record does not reflect that any of the

---

[4] The record indicates that the Permit is still in the receiver's possession pending the adjudication of this case.

[5] Each party filed a fee motion seeking appellate fees for this interlocutory appeal. We denied both fee motions.

four counts – including the replevin count – alleged in Belvant's complaint have been adjudicated to conclusion.

## II. Analysis

The issue before this Court is whether the Fee Judgment was prematurely entered. Specifically, we must decide whether section 78.20 of the Florida Statutes (2014) allows a defendant, who has succeeded in having a prejudgment writ of replevin vacated, to recover damages, attorney's fees and costs immediately, or whether, as a precondition to an award under section 78.20, a defendant must also prevail in the underlying replevin action. We regard this as an issue involving statutory construction, a pure question of law, hence our review is *de novo.* See Wright v. City of Miami Gardens, 200 So. 3d 765, 770 (Fla. 2016).

Our sister courts that have addressed this issue are split on whether a defendant who successfully dissolves or vacates a prejudgment replevin writ is entitled to an immediate award of damages. Employing a policy-driven approach, the First District has concluded that a defendant who is successful in having a prejudgment replevin writ dissolved is entitled to "immediate relief

5

without regard to the pending cause of action [for replevin]." <u>McMurrain v. Fason</u>, 584 So. 2d 1027, 1032-33 (Fla. 1st DCA 1991).[6]

Endorsing an approach that focuses upon the text of section 78.20, the Fourth District[7] and the Fifth District,[8] certifying and acknowledging conflict, respectively, with <u>McMurrain,</u> reached a contrary conclusion:

> Based upon the plain language of section 78.20, we reverse. *Two* conditions must be met before a defendant can recover attorney's fees and costs under this statute. Although the prejudgment writ has been dissolved, the defendant Whiland has not yet prevailed in this action, and may or may not do so. The trial judge apparently read the words "and defendant prevails" to apply only to the proceedings relating to the prejudgment writ, but we do not. That interpretation renders those three words redundant and superfluous. We believe the reference contemplates that the defendant *ultimately* prevails in the replevin action. <u>See</u> <u>Gimbel v. International Mailing and Printing Co., Inc.</u>, 506 So. 2d 1081, 1084 (Fla. 4th DCA 1987*)* (section 78.20 is merely a make-whole provision for defendants *who prevail in replevin actions* and meet other criteria of entitlement) (emphasis supplied).

---

[6] In <u>McMurrain</u>, the First District notes that the purpose of a prejudgment replevin writ is to protect property against loss or damage pending a trial on the merits by authorizing a change in which party possesses the property. <u>McMurrain</u>, 584 So. 2d at 1033. <u>McMurrain</u> thus treats the process of a plaintiff obtaining, and a defendant extinguishing, a prejudgment writ of replevin as independent from the adjudication of the underlying claims.

[7] <u>See</u> <u>Kivisto v. GMAC LLC</u>, 978 So. 2d 283 (Fla. 4th DCA 2008).

[8] <u>See</u> <u>Trans Atlantic Distribs., L.P. v. Whiland Co., S.A.</u>, 671 So. 2d 883 (Fla. 5th DCA 1996).

<u>Trans Atlantic Distribs., L.P. v. Whiland Co., S.A.</u>, 671 So.2d 883, 884 (Fla. 5th DCA 1996).

While we view both approaches as meritorious, we adopt the approach taken by the Fourth and Fifth Districts and certify conflict with <u>McMurrain</u>. The substantive basis for a successful defendant's entitlement to damages, attorney's fees and costs is section 78.20, and we view section 78.20 as a fee statute. <u>See</u> <u>Mich. Nat'l Bank of Detroit v. Maierhoffer</u>, 382 So. 2d 318, 322 (Fla. 3d DCA 1979). As attorney's fee statutes are in derogation of common law, we are required to strictly construe them. <u>Id.</u>

Section 78.20, the statute providing for damages, attorney's fees and costs to a defendant who has prevailed in having a prejudgment replevin writ extinguished, reads, in relevant part, as follows:

> When property has been . . . redelivered to . . . defendant . . . upon the dissolution of a prejudgment writ *and defendant prevails*, he or she shall have judgment against plaintiff for his or her damages for the taking, if any, of the property, attorney fees, and costs. The remedies provided in this section and s. 78.21 shall not preclude any other remedies available under the laws of this state.

§ 78.20, Fla. Stat. (2014) (emphasis added).

In construing the statute, we must give meaning to each phrase in the statute. <u>See</u> <u>Hechtman v. Nations Title Ins. of N.Y.</u>, 840 So. 2d 993, 996 (Fla. 2003) ("It is an elementary principle of statutory construction that significance

and effect must be given to every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage."). To avoid rendering the words "and defendant prevails" in section 78.20 as mere surplusage, we agree with the Fourth and Fifth Districts that, to obtain an award under the statute, a defendant must not only succeed in having the prejudgment replevin writ dissolved, but also the defendant must ultimately prevail in the underlying replevin cause of action.

Notwithstanding that Cohen was successful in having the prejudgment writ of replevin vacated, we are compelled to reverse the prematurely entered Fee Judgment because the record does not reflect that Cohen has prevailed in the underlying replevin action, a prerequisite to the award of damages, attorney's fees and costs under section 78.20.[9]

Reversed and remanded; conflict certified.

---

[9] As an alternate argument for reversal Belvant asserts that, because the Permit was returned to a court-appointed receiver rather than directly to defendant Cohen, another condition of section 78.20 was not met. Because of our reversal on the ground stated herein, we need not, and therefore do not, reach Belvant's alternate argument.