PER CURIAM.
This is an appeal by homeowners who successfully enforced restrictive covenants in their subdivision deed and were denied an award of attorneys fees in spite of the fact that the “Declaration of Restrictions” expressly provided for such an award in favor of enforcing parties.
We hold that by accepting a subdivision deed which embodies a provision for attorney’s fees for enforcement of restrictions contained therein, the buyer becomes contractually bound to abide by its provisions, and the trial court was obliged by the contract to assess attorney’s fees and costs in favor of the enforcing party.
Therefore we reverse the order denying appellant’s attorneys’ fees on grounds that the covenant expressly provided for such an award and remand so that the court may assess reasonable attorneys’ fees. See Strader v. Oakley, 410 So.2d 954 (Fla. 1st DCA 1982).
Reversed and remanded.
BOOTH, C.J., and JOANOS and ZEH-MER, JJ., concur.