502 So.2d 47 (1987)
Nathan H. GARVIN and Eva Garvin, Appellants/Cross-Appellees,
v.
Virginia SQUIERS, Appellee/Cross-Appellant.
No. 86-1621.
District Court of Appeal of Florida, Second District.
February 4, 1987.
*48 Stanley E. Marable, Sarasota, for appellants/cross-appellees.
Charles J. Bartlett, Sarasota, for appellee/cross-appellant.
FRANK, Judge.
The parties to this action own adjoining lots in a residential subdivision in Manatee County, Florida. The Declaration of Restrictions governing the subdivision includes a provision prohibiting a homeowner from maintaining a chain-link fence unless it extends only from the side of the house and along the rear but not from the front lot lines.
The Garvins' neighbor, Mrs. Squiers, maintained a chain-link fence from the front to the rear of her property in contravention of the proviso. The Garvins sought to enforce the restriction. The trial court determined that Mrs. Squiers' fence did in fact violate the Declaration. It concluded, however, that the parties would bear their respective costs and attorney's fees resulting from the litigation for the reason that at an earlier time in the action an injunction was issued barring the Garvins from trespassing on Squiers' property and requiring that they restore a segment of her fence they had destroyed.
The Garvins' appeal from that aspect of the final judgment denying them their attorney's fee and costs. Mrs. Squiers cross appeals from that portion of the final judgment which forbids her from maintaining a chain-link fence.
A review of the record reveals that the trial court properly concluded that Mrs. Squiers' fence existed in violation of the Declaration. We affirm the final judgment to the extent it enforces the Declaration.
We reverse the final judgment, however, requiring the parties to bear their separate costs of the action. The Declaration governs the award of attorney's fees:
Enforcement shall be by action at law or in equity against any person or persons violating or attempting to violate any covenants, either to restrain violation or to recover damages. The party bringing the action or suit shall be entitled to recover, in addition to costs and disbursements allowed by law, such sum as the court may adjudge to be reasonable for the services of his attorney.
We agree with the first district's determination in Powell v. Shumann Investments, Inc., 492 So.2d 850 (Fla. 1st DCA 1986), and hold that a buyer in a subdivision is bound by the provisions contained in a declaration of restrictions. Moreover, a homeowner successfully enforcing such restrictions is entitled to an award of attorney's fees when such an award is provided in a covenant of the present kind. Hence, the trial court lacked discretion to decline granting the consensually contemplated fees and costs. Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA 1981), rev. denied, 408 So.2d 1092 (Fla. 1981). The Garvins were the prevailing party. See Daniels v. Arthur Johannessen, Inc., 496 So.2d 914 (Fla. 2d DCA 1986).
Accordingly, the final judgment is reversed in part and remanded to the trial court for the determination of a reasonable award of fees and costs to the Garvins.
SCHOONOVER, A.C.J., and HALL, J., concur.