ERVIN, Judge.
The appellants, members of a joint venture, contend that the lower court improperly limited, upon dissolution of the joint venture, the distributable assets of the venture, contrary to the terms of the parties’ agreement The appellee cross-appeals, arguing that the court erred in refusing to award it reasonable attorney’s fees as the prevailing party. We affirm the trial court’s ruling on the direct appeal, but reverse as to the issue of attorney’s fees raised on cross-appeal.
On April 7, 1982, the appellants, Campbell, Davis, and Thompson (CDT), entered into an agreement with Taff & Sons (Taff) to form a joint venture for the purpose of developing and selling approximately 1200 acres of land owned by Taff. The agreement provided, in pertinent part:
The Venture and this Agreement shall continue in full force and effect for a period of one (1) year from the date of this Agreement, provided however, if 100 acres of [sic] more of the property shall have been sold pursuant to the terms hereof, the Venture and this Agreement shall continue for another year....
Although the 100-acre quota requirement was fulfilled for only the first year, the venture was nonetheless continued annually until 1985. In 1985, a new agreement was executed, renewing the original agreement, but specifically adding the following condition in section 9 thereof:
Should the required sale quota for acreage or sales price fail to be met, the owner shall be free to sell the acreage independent of the Venture, with no restriction from the Venture, and the Venture shall continue only for the purpose of continued distribution of each party’s vested interest in the mortgages and other assets of the Venture acquired during its period of operation,
(e.s.)
In 1985, as in prior years, the requisite 100 acres were not sold, and the parties met to discuss a renewal of the venture. An extension agreement was then executed, extending the venture for 15 days. Following the expiration of such time, CDT received a letter from Taff, stating that it considered the venture had terminated, but that it was willing to entertain any new proposals made by CDT.
Upon receipt of the letter, CDT filed a complaint, seeking a declaratory judgment as to the status of the parties’ rights under the venture agreement, and alleging that Taff was estopped from claiming termination of the venture agreement. In the alternative, CDT requested a dissolution of the venture and for an accounting among *1041 the venture partners, alleging as well Taff s unjust enrichment, and asking the imposition of a constructive trust over that portion of the remaining unsold property that had been improved. The trial court dismissed Count I of the complaint, which had requested a declaratory judgment, finding that the venture agreement had terminated. The court further held that there were no distributable assets of the joint venture other than mortgage receivables and cash held in an escrow account, and that CDT was entitled to its share of these assets.
CDT contends on appeal that the trial court erred in limiting the assets of the venture subject to distribution to cash and mortgages receivable, and in refusing to consider improvements made to the venture property as an asset. Under the Florida Uniform Partnership Act, the appellants argue, all property acquired on behalf of the partnership with partnership funds is partnership property. And, because improvements were made to the property in the instant case with partnership funds, CDT contends that, upon dissolution, it was entitled to a sum equalling its share of the valuation of the improvements.
Initially, we agree with appellant that the rights of the parties to the joint venture are governed by partnership law. See Century Bank of Lee County v. Gillespy, 399 So.2d 1109 (Fla. 5th DCA 1981) (if a joint venture meets the statutory definition of a partnership, it is a partnership for the purpose of acquiring, holding, and conveying title to real property in the name of the joint venture). See also 8 Fla.Jur.2d Business Relationships § 439 (1978) (while partnership and joint venture are separate legal relationships, they are governed by the same rules of law). Although we recognize that sections 620.595[1] and 620.755[2] of the Florida Uniform Partnership Act provide for the distribution of the partnership or venture property upon dissolution, the distribution thereof is “subject to any agreement to the contrary.” Section 620.-755, Florida Statutes (e.s.). In the present case, the parties specifically provided in the venture agreement that if the required sales quota for acreage was not met, the owner of the property, Taff, “shall be free to sell the acreage independent of the Venture.” The trial court interpreted this provision as vesting the parties’ entire interest in the real property in Taff, thereby excluding from distribution the value of the improvements made to the property, leaving only cash and mortgages receivable as distributable assets of the venture.
We do not consider the trial court’s interpretation of the venture agreement to be unreasonable,[3] and, finding no abuse of discretion, we affirm the order of distribution. See Smith v. Smith, 78 So.2d 687 (Fla.1955) (chancellor’s interpretation of highly controverted evidence, conduct of the parties, and interpretation of the agreement will not be reversed on appeal); Manufacturers National Bank of Hialeah v. Canmont International, Inc., 322 So.2d 565 (Fla. 3d DCA 1975) (order will not be disturbed on appeal unless it is clearly shown to be erroneous or constitutes an abuse of judicial discretion); Mann v. Thompson, 100 So.2d 634 (Fla. 1st DCA 1958) (while evidence of terms of contract may be subject to more than one interpretation, reversal is not justified in the absence of clearly demonstrated error).
*1042 We reverse, however, as to the issue of attorney’s fees. The trial court ordered each party to be responsible for its own attorney’s fees and costs. The court’s directions were contrary to the express terms of the 1985 venture agreement which provide at paragraph 16: “In the event either party shall be required to obtain the services of an attorney to protect its interest hereunder, the prevailing party shall be entitled to all costs expended including a reasonable attorney’s fee. This shall apply to appellate proceedings as well.” (e.s.) As the appellee was the “prevailing party,” see Scutti v. Adache & Associates Architects, 515 So.2d 1023 (Fla. 4th DCA 1987), the trial court had no discretion in not enforcing the clearly expressed provision of the contract. Brickell Bay Club Condominium Association v. Forte, 397 So.2d 959, 960 (Fla. 3d DCA), review denied, 408 So.2d 1092 (Fla.1981).
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.

. Section 620.595, Florida Statutes, provides that “[u]nless a contrary intention appears, property acquired with partnership funds is partnership property.”

. Section 620.755, Florida Statutes, establishing rules for distribution after dissolution, states:
In settling accounts between the partners after dissolution, the following rules shall be observed, subject to any agreement to the contrary:
(1) The assets of the partnership are:
(a) The partnership property,

. Lending further support to the trial court's interpretation of section 9 of the renewal agreement, finding that the only distributable assets of the venture were mortgage receivables and cash held in an escrow account, is the language employed by the parties in section 19 of the agreement, allowing CDT the right of first refusal to purchase the remaining unsold acreage, and providing that if CDT shall not meet the written offer of another purchaser, the owner may sell the property, "and the Venture shall continue only for the purpose of continued distribution of each party’s vested interest in the mortgages and other assets acquired during its period of operation." (e.s.)