DOWNEY, Judge.
Appellant, Lakewood On The Green Villas Association, Inc. (Lakewood), sued Ap-pellees, Irving and Judith Pomerantz (Pom-erantz), to enjoin them to remove a patio they had constructed behind their villa without permission and in violation of the Declaration of Covenants, Restrictions and Easements encumbering the property. Pomerantz answered and, among other things, contended the restrictions were unenforceable due to selective enforcement thereof and because the character of the neighborhood had changed due to other similar construction.
Final judgment was entered in favor of Lakewood enjoining Pomerantz and requiring removal of the unauthorized construction. The judgment held Lakewood was the prevailing party but denied its request for prevailing party attorney’s fees as provided for in the Declaration of Covenants, Restrictions and Easements. From said judgment Lakewood has appealed the denial of attorney’s fees and Pomerantz has cross appealed issuance of the injunction.
We affirm in all respects except the refusal to award prevailing party attorney’s fees to Lakewood. We reverse that portion of the judgment which denied Lakewood’s claim to attorney’s fees after having been adjudicated to be the prevailing party. Blue Lakes Apartments, Ltd. v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985), dealt with a contract action involving the purchase and sale of a condominium unit. The contract between the parties provided, among other things, that the prevailing party in any litigation arising out of the contract was entitled to recover reasonable attorney’s fees. Nevertheless, the trial judge refused to award fees to Gowing although it was the prevailing party. This court reversed stating:
Where a contract provides for an award of attorney’s fees to the prevailing party in any litigation arising out of the contract a court is without discretion to decline to enforce the provision. Moreover, given such a contractual provision, it is improper to deny attorney’s fees under a “balancing of the equities” theory.
Id. at 709 (citation omitted). For that proposition of law, this court cited Brickell Bay Club Condominium Association, Inc. v. Forte, 397 So.2d 959 (Fla. 3d DCA 1981). See also Campbell v. A.B. Taff & Sons, Inc., 519 So.2d 1039 (Fla. 1st DCA 1988); Garvin v. Squiers, 502 So.2d 47 (Fla. 2d DCA 1987); Powell v. Shumann Investments, Inc., 492 So.2d 850 (Fla. 1st DCA 1986).
Appellee contends the trial court acted within its equitable jurisdiction in denying appellant attorney’s fees and proposes to distinguish the array of cases holding that the court has no discretion in the face of a clear contractual provision on the basis that they were not cases applying equitable principles. We reject that argument as specious. The present case is one in which the prevailing party sought to enforce the contractual provisions contained in the Declaration of Covenants, Restrictions and Easements. In a like case, Garvin v. Squiers, 502 So.2d 47 (Fla. 2d DCA 1987), the court reversed the trial court for declining to award fees pursuant to similar contractual provisions. There the court stated:
We reverse the final judgment, however, requiring the parties to bear their separate costs of the action. The Declaration governs the award of attorney’s fees:
Enforcement shall be by action at law or in equity against any person or persons violating or attempting to violate any covenants, either to restrain viola *507 tion or to recover damages. The party bringing the action or suit shall be entitled to recover, in addition to costs and disbursements allowed by law, such sum as the court may adjudge to be reasonable for the services of his attorney.
We agree with the first district’s determination in Powell v. Shumann Investments, Inc., 492 So.2d 850 (Fla. 1st DCA 1986), and hold that a buyer in a subdivision is bound by the provisions contained in a declaration of restrictions. Moreover, a homeowner successfully enforcing such restrictions is entitled to an award of attorney’s fees when such an award is provided in a covenant of the present kind. Hence, the trial court lacked discretion to decline granting the consensually contemplated fees and costs.
Id. at 48.
Accordingly, we affirm the appeal and cross appeal in all respects except as to the denial of attorney’s fees to appellant, Lakewood, and we remand the cause to the trial court for a determination of attorney’s fees for appellant as the prevailing party.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ANSTEAD and LETTS, JJ., concur.