PER CURIAM.
Norman Dreese appeals an award of $10,000.00 as attorney’s fees pursuant to a contingency fee agreement. Although the trial court found that the attorney had reasonably spent 138.3 hours on this case, and that $150.00 per hour was a reasonable fee, the trial court only awarded attorney’s fees in the amount of $10,000.00, as opposed to $20,745.00. The trial court reduced the award for the stated reason that the judgment was obtained by default. Under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), this was error.
The supreme court held in Rowe that a trial court may reduce a lodestar figure depending on the “results obtained.” The “results obtained” may reduce the lodestar, but only if the prevailing party is successful on a claim, and unsuccessful on other unrelated claims. Id. at 1151. In the instant case, the appellant was successful on its entire claim. Therefore, the trial court erred when it reduced the lodestar. Upon remand, the trial court should enter attorney’s fees in the amount of $20,745.00.
In addition, the trial court failed to consider a contingency risk factor when awarding attorney’s fees. Under Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), this too was error. Though the trial court does not have to impose a contingency risk factor, the trial court must address this factor upon remand. Id. at 831.
REVERSED AND REMANDED WITH INSTRUCTIONS.
*1098 HERSEY and GUNTHER, JJ., concur.
STONE, J., dissents with opinion.