FRANK, Acting Chief Judge.
In this contract dispute, the trial court reduced the attorney’s fees reasonably incurred by American Sign Company, the prevailing party, because American Sign had refused an internal offer of settlement. This reduction effectively denied the prevailing party’s right to attorney’s fees. We reverse.
American Sign Company and Ronald Falconer contracted for the purchase and installation of a sign. The total charge for the services, less a deposit, was $4,389.88. That amount, however, included $154 for specific charges which Falconer disputed. He refused to pay and American Sign recorded a lien. During subsequent negotiations, American Sign agreed to waive the disputed charges. Falconer, however, insisted that American Sign record a release of its lien before he would pay the negotiated amount. American Sign refused and filed the underlying claim. Falconer answered and counterclaimed, alleging that the lien was fraudulent.
Two weeks after the action began, Falconer tendered a settlement offer of $4,256.91, the approximate amount owed plus interest, *474 if American Sign would agree to release its lien. Significantly, this tender was not a formal offer of settlement consistent with Rule 1.442 of the Florida Rules of Civil Procedure. At that time, American Sign had incurred approximately $390 in attorney’s fees, which were recoverable under the contract between the parties.[1] No settlement was reached.
More than two years later, the litigation concluded with a final judgment in favor of American Sign and a supplemental final judgment awarding attorney’s fees. Specifically, the court determined that in prosecuting the entire action, American Sign’s attorneys had reasonably expended 43.75 hours, at a reasonable rate of $150 per hour. The trial court, nevertheless, made the following finding: “considering the total amount in controversy, the offer to settle made by the defendant two weeks after the suit was filed for an amount virtually equal to what was then owed with interest, the court ... concludes that $750 in attorney’s fees is reasonable and necessary under the circumstances of this case.” The drastic reduction of the fee from $6,502.50 to the amended amount of $750 constituted an abuse of discretion.
American Sign had a contractual right to attorney’s fees. Such a right, no less than other provisions of a contract, must be enforced. See Garvin v. Squiers, 502 So.2d 47 (Fla. 2d DCA 1987); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990); Lakewood on the Green Villas Ass’n. v. Pomerantz, 556 So.2d 505 (Fla. 4th DCA 1990). The trial court’s reduction of the fee entitlement eviscerated American Sign’s contractual right.
The reduction of the award cannot be deemed a proper exercise of the trial court’s discretion in determining a reasonable amount of fees. DiStefano Constr., Inc. v. Fidelity & Deposit, 597 So.2d 248 (Fla.1992). The attorney’s fee determination is to be guided by the criteria described in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). Rowe permits a trial court to consider the “results obtained” by the claiming attorney and notes that such consideration “may provide an independent basis for reducing the fee when the party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims.” Rowe, 472 So.2d at 1151. American Sign was successful in its entire claim — the only issue relevant to the “results obtained” criterion. See Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 629 So.2d 985 (Fla. 5th DCA 1993); Dreese v. Craftsman Auto Elec., Inc., 620 So.2d 1097 (Fla. 4th DCA 1993); but see Dreese, 620 So.2d at 1098 (Stone, J. dissenting). None of the criteria described in Rowe permit a trial court to reduce an award of attorney’s fees because the fees are disproportionate to the amount of the claim or judgment. Furthermore, a party’s refusal of an offer of settlement has no effect upon the potential award of fees unless the offer is within rule 1.442. § 768.79, Fla. Stat. (1991).
This view is not inconsistent with those cases in which a fee was reduced to avoid a manifest injustice or to recognize the special nature of the action. Such circumstances do not attend this case. See Ziontz v. Ocean Trail Unit Owners Assoc., 663 So.2d 1334 (Fla. 4th DCA 1993)(manifest injustice resulted where attorney’s fees were grossly disproportionate to the judgment); Oldham v. Oldham, 683 So.2d 579, 581-82 (Fla. 4th DCA 1996) (Polen, J., concurring) (arguing that unreasonable rejection of settlement offer should be considered when setting attorney’s fees in marriage dissolution actions).
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and NORTHCUTT, JJ., concur.

. The contract provides: “Buyer further agrees to pay promptly all sums agreed to be paid hereunder, together with all exchange charges and all costs or expenses incurred in the collection of any amount due hereunder by suit or otherwise, including reasonable attorney’s fees, if placed in the hands of an attorney for collection. ...”