928 So.2d 449 (2006)
James B. PARTON and Deborah L. Parton, Appellants,
v.
PALOMINO LAKES PROPERTY OWNERS ASSOCIATION, INC., a Florida corporation, Ila Vinson, Larry Vinson, Rene Muse, Linda Dreibelbis, and Doug Holden, Appellees.
No. 2D05-2640.
District Court of Appeal of Florida, Second District.
April 28, 2006.
*450 J. Meredith Wester, Richard Candelora, and Arlene E. Acord of Mechanik Nuccio Williams Hearne & Wester, P.A., Lutz, for Appellants.
J. Scott Taylor, Tampa, for Appellee Doug Holden.
Linda Dreibelbis, pro se.
No appearance for Appellees Palomino Lakes Property Owners Association, Inc., Ila Vinson, Larry Vinson, and Rene Muse.
SILBERMAN, Judge.
James B. Parton and Deborah L. Parton appeal an order awarding them attorneys' fees against Appellees Ila Vinson, Larry Vinson, Linda Dreibelbis, and Doug Holden (referred to collectively as "the other owners"). We reverse the fee order and remand for further proceedings.
The parties reside in a deed-restricted community known as Palomino Lakes Subdivision in Pasco County, Florida. The Partons purchased a modular home to place on their property in the subdivision. In August 2000, the other owners, three of whom were officers and directors of Appellee Palomino Lakes Property Owners Association, blockaded the entrance to the subdivision on three occasions to prevent delivery of the Partons' home. They apparently blocked access to the subdivision because they believed the home to be a mobile home, which the deed restrictions prohibited; however, they continued to block access to the Partons' property even after they were informed that the home was a modular home that would be permanently attached to a concrete slab. By obstructing the common roadway, the other owners violated the subdivision's deed restrictions.
On August 7, 2000, the Partons filed a lawsuit seeking injunctive relief and asserting a claim for breach of contract based on the violation of the deed restrictions. On August 25, 2000, the trial court entered a temporary injunction in the Partons' favor, enjoining the other owners from interfering with the movement of the modular home to the Partons' property. The Partons later amended their complaint, adding claims for tortious interference with contract and civil conspiracy and *451 seeking punitive damages on the added claims. The tortious interference and conspiracy claims are based on the same conduct which formed the basis for the Partons' claims for injunctive relief and breach of contract. The case was tried on the Partons' third-amended complaint, in which they requested attorneys' fees only in count II, the breach of contract claim.
On November 21, 2003, the jury reached a verdict in favor of the Partons on all claims, awarding $5000 in compensatory damages. The amended final judgment reflects awards against the other owners. However, instead of a joint and several award of $5000, the judgment reflects a pro rata award of $1250 against each individual.[1] In a separate trial, the jury awarded punitive damages of $60,000 against Larry Vinson, $40,000 against Ila Vinson, and $50,000 against Linda Dreibelbis. Doug Holden was not involved in the punitive damages trial.
The Partons filed a timely motion for attorneys' fees and costs, and on October 21, 2004, the trial court conducted an evidentiary hearing. The Partons sought fees as the prevailing party on the claim seeking damages for breach of contract due to the violation of the deed restrictions. The deed restrictions contain the following provision for attorneys' fees and costs:
The failure of any person violating any covenants to correct such violation after ten (10) days notice in writing shall be deemed grounds for legal prosecution against such person to restrain the violation and/or to recover damages for the same. The party bringing the action shall be entitled to recover in addition to any and all damages, costs and disbursements allowed by law, such sum as a court may adjudge to be reasonable for the services of his or her attorneys. If in the event the court finds that these restrictions have been violated, the judgment of the court shall include the assessment of all costs and attorney fees against the person violating these restrictions as a part of the damages.
At the fee hearing, it was noted that the trial on liability and compensatory damages lasted five days. Two of the Partons' attorneys testified at the fee hearing, and the trial court admitted into evidence their detailed time records. The Partons' fee expert testified that the reasonable fee incurred in connection with the dispute was $336,000. This amount reflected a deduction of $26,500 for matters that the expert did not feel were appropriate to be assessed as fees. He further testified that he could not allocate the time expended between the various counts because they all involved the same core set of facts.
In contrast, the other owners' expert testified that the Partons would only be entitled to fees as to the breach of contract count and that a reasonable fee was "somewhere between" $5000 and $11,000. He opined that "the case probably should have concluded after the issuance of an injunction." He did not attempt to allocate the fees as to each count.
After a later nonevidentiary hearing, the trial court rendered its order awarding fees to the Partons. The court found it was clear that the Partons were the prevailing parties in the action and that it was "impossible to allocate between parties or respective counts." The court awarded attorneys' fees of $9900 for fees incurred through the entry of the temporary injunction, "according to the restrictive covenants," *452 and ordered that the other owners were individually liable on a pro rata basis of $2475 each. Then, as to the Vinsons, the court found that they were liable for additional fees based on the Partons' "Offer of Judgment" made pursuant to section 768.79, Florida Statutes (2004).[2] The trial court found as follows:
The Court further finds that a reasonable fee for Plaintiffs for post offer of judgment work is $240,000.00. The post offer of judgment amount is 75 percent of the amount testified as reasonable by Plaintiffs' expert, John Raines. The reduction of 25 percent is because the efforts of Plaintiffs' attorneys, as reflected in the time records, seem somewhat inflated, i.e.: it appears that the Plaintiffs' attorneys spent somewhat more time on this case post injunction than what would be reasonably necessary to accomplish their goal. The reduction by 25 percent is an attempt by the court to accommodate for that unnecessary effort. On the other hand, part of the reason for the attorneys['] fees being as much as they are is that this action seems to have been vigorously and expertly defended.
The trial court also awarded costs on a pro rata basis against the other owners. The Partons timely appealed the order awarding attorneys' fees and costs, raising three issues for our review.
First, as to the $9900 in attorneys' fees awarded pursuant to the deed restrictions (and apart from the offer of judgment fees), the Partons contend that the trial court erred in failing to award fees incurred after the entry of the temporary injunction. We agree. A trial court lacks discretion to refuse to award reasonable attorneys' fees to the prevailing party when the deed restrictions contain a provision for attorneys' fees. See Garvin v. Squiers, 502 So.2d 47, 48 (Fla. 2d DCA 1987). The fee provision at issue in Garvin stated that the restrictive covenants could be enforced by an action to restrain the violation or to recover damages and that "[t]he party bringing the action or suit shall be entitled to recover . . . such sum as the court may adjudge to be reasonable for the services of his attorney." Id.
Here, the deed restrictions contain a similar provision that allows a party to bring an action to "restrain the violation and/or to recover damages for the same" and provides that the party bringing the action shall be entitled to recover reasonable attorneys' fees. Further, the attorneys' fee provision mandates that "[i]f in the event the court finds that these restrictions have been violated, the judgment of the court shall include the assessment of all costs and attorney fees against the person violating these restrictions as a part of the damages."
Thus, as to the breach of contract action for damages against the other owners, the trial court erred in limiting the award of attorneys' fees by awarding fees only up to the time that the temporary injunction was entered. The entry of the temporary injunction did not cut off the Partons' right to recover attorneys' fees pursuant to the deed restrictions on their breach of contract action. Therefore, we reverse the order awarding attorneys' fees and costs. On remand, the trial court shall determine the reasonable fees incurred up through the conclusion of the trial on liability and *453 compensatory damages as to Ila Vinson, Larry Vinson, Linda Dreibelbis, and Doug Holden.
As noted previously, the Parton's third-amended complaint sought attorneys' fees only in the breach of contract claim. However, their offer of judgment allows them to recover fees incurred in pursuing their claim for punitive damages, which are not duplicative of fees awarded pursuant to the deed restrictions. The Partons do not challenge the trial court's finding that only the Vinsons are liable for fees pursuant to the offer of judgment. With their fee motion, the Partons filed an exhibit reflecting fees incurred through November 30, 2003, the end of the trial on liability, and an exhibit reflecting fees incurred from December 1, 2003, through May 20, 2004. This breakdown should assist the trial court on remand in determining, based on the offer of judgment, an award against the Vinsons for reasonable fees incurred in connection with the Partons' pursuit of their claim for punitive damages.
Second, the Partons argue that the trial court erred in failing to make sufficient findings as to the fee awards. For purposes of remand, we address this issue. An order awarding attorneys' fees is "fundamentally erroneous on its face" when the trial court fails "to make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985)." Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc., 891 So.2d 1063, 1065 (Fla. 2d DCA 2004); see also Guardianship of Halpert v. Martin S. Rosenbloom, P.A., 698 So.2d 938, 939 (Fla. 4th DCA 1997). In reversing a fee award in Beck v. Beck, 852 So.2d 934, 938 (Fla. 2d DCA 2003), this court noted that "the trial court expressed dismay at the total amount of fees incurred by both parties in relation to the size of the marital estate and, without making any factual findings, made a substantially reduced fee award." In Highlands Carpentry Service, Inc. v. Connone, 873 So.2d 611, 613 (Fla. 2d DCA 2004), we determined that finding a "range of acceptability" of 100 to 150 hours and a reasonable rate of $150 to $250 per hour and awarding a fee of $15,000 was insufficient under Rowe. We stated that the trial court "must identify the precise hourly rate as well as the amount of hours reasonably expended." Id. A trial court abuses its discretion by awarding fees without making specific findings. Id. at 612.
Here, the trial court did not make any findings as to an appropriate hourly rate or the number of hours reasonably expended. Further, regarding the fees awarded pursuant to the offer of judgment, the court found that the fees sought by the Partons were excessive. The court reduced the requested fees by twenty-five percent, stating that "the efforts of Plaintiffs' attorneys, as reflected in the time records, seem somewhat inflated, i.e.: it appears that the Plaintiffs' attorneys spent somewhat more time on this case post injunction than what would be reasonably necessary to accomplish their goal." Although the trial court felt the fees were excessive, on remand it must make the required findings to support its determination of the amount of reasonable attorneys' fees.
Finally, the Partons contend that the trial court erred in awarding fees and costs pro rata, rather than making a joint and several award. Appellee Holden argues that a pro rata award was appropriate because the amended final judgment on damages did not impose joint and several liability. However, one of the Partons' attorneys testified at the fee hearing that *454 the damage award was allocated pro rata rather than jointly and severally because "under the breach of contract action, we thought we had to allocate them."
We conclude that joint and several liability is appropriate for the award of fees and costs against the other owners for breach of the deed restrictions. All four of the other owners are subject to the deed restrictions. See Garvin, 502 So.2d at 48 (recognizing that "a buyer in a subdivision is bound by the provisions contained in a declaration of restrictions" and that "a homeowner successfully enforcing such restrictions is entitled to an award of attorney's fees when such an award is provided in a covenant of the present kind"). All four of the other owners blockaded the entrance to the subdivision to prevent the delivery of the Partons' modular home. The deed restrictions state, "If in the event the court finds that these restrictions have been violated, the judgment of the court shall include the assessment of all costs and attorney fees against the person violating these restrictions as a part of the damages." (Emphasis added.)
The testimony at the fee hearing reflected that the fees could not be apportioned, and in fact, the order on fees and costs states, "The court finds that it is impossible to allocate time between parties or respective counts." Under these circumstances, we conclude that the Partons are entitled to a fee award that is joint and several. Therefore, on remand, the attorneys' fees awarded for the breach of the deed restrictions (for fees incurred through the conclusion of the trial on liability and compensatory damages) shall be joint and several as to Ila Vinson, Larry Vinson, Linda Dreibelbis, and Doug Holden.
Similarly, because the evidence reflected and the trial court found that it was impossible to allocate time between parties or counts, the attorneys' fees to be awarded pursuant to the offer of judgment in connection with the claim for punitive damages shall be joint and several as to Ila Vinson and Larry Vinson.
Accordingly, we reverse the fee order and remand for further proceedings consistent with this opinion.
DAVIS and WALLACE, JJ., Concur.
NOTES
[1] At the fee hearing, one of the Partons' attorneys explained that the award of compensatory damages was allocated equally among the other owners, rather than jointly and severally, because "under the breach of contract action, we thought we had to allocate them."
[2] The Partons titled each of their demands as a "proposal for settlement," and the trial court referred to the demands collectively as an "offer of judgment." Section 768.79 refers to a defendant's "offer of judgment" and a plaintiff's "demand for judgment." For ease of reference, in this opinion we will use the term used by the trial court, "offer of judgment."