# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-2401
Lower Tribunal No. 19-2198 SP

————————

## United Automobile Insurance Company,
Appellant,

vs.

## North Shore Medical Center, Inc., a/a/o Johnny Edmondson,
Appellee.

An Appeal from the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

Michael J. Neimand, for appellant.

Florida Advocates, and Christopher Tuccitto, James D. Underwood, and Yasmin Gilinsky (Dania Beach), for appellee.

Before HENDON, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Goslin v. Racal Data Commc'ns, Inc., 468 So. 2d 390, 392 (Fla. 3d DCA) ("Imposition of costs after judgment is largely within the discretion of the trial judge, and will not be disturbed on appeal absent a clear showing of abuse of that discretion."); United Auto. Ins. Co. v. Coastal Radiology, LLC, 340 So. 3d 528, 529 (Fla. 3d DCA 2022) (noting a trial court's order must set forth "'specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors as required by Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985)'" (quoting Parton v. Palomino Lakes Prop. Owners Ass'n, Inc., 928 So. 2d 449, 453 (Fla. 2d DCA 2006))); Crittenden Orange Blossom Fruit v. Stone, 514 So. 2d 351, 352–53 (Fla. 1987) ("[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee."); Brake v. Murphy, 736 So. 2d 745, 747 (Fla. 3d DCA 1999) ("[F]ees cannot be assessed based solely on the testimony of the attorney claiming the fee, but rather expert testimony must be offered substantiating the fee.").